Warner, Chief Justice.
The plaintiff sued out two distress warrants for two quarters rent, claimed to be due-him by the defendants for a store-house in the city of Rome. The defendants filed their counter-affidavit, denying that there was any rent due, as claimed by the plaintiff. On the trial of the issue in the Superior Court, the jury found a verdict for the plaintiff. A motion wTas made for a new trial, which was overruled, and the defendants excepted. It appears from the evidence in the record, that in *the fall of 1868, the plaintiff made a verbal contract with the defendants to rent them his store-house, then in *330 process of construction, for three years from the time of its completion, for $1,000 00 per annum, to be paid quarterly, or at the end of every three months from the time they took possession, which was' about the 1st of March, 1869. The. contract was to have been reduced to writing, but as the parties could not agree as to the exact terms of it, in relation to fire, etc., it was not done. The contract remained in parol, and the rent was paid promptly at the-end of each quarter, up to the 1st of March, 1871. Plaintiff offered defendants $200 00 to. surrender the possession of the store-house, which they refused to do. Plaintiff told them he should expect them to keep it until the expiration of the full term-for which they had rented it. They replied, “We expect tckeep.it.” One month prior to the 1st of March, 1871, the defendants notified plaintiff that they would vacate the premises on that day, and. did- so. Plaintiff took possession of the premises 1st of September thereafter, and the rent claimed to be due.-is from the 1st of March until the 1st of September, 1871. The defendants, in their testimony, substantially admitted the parol contract for the rent of the store-house, as stated by the plaintiff. The Court, charged the jury, amongst other things, that they could decree a specific execution of .the parol contract, if- the defendants admitted it, as a Court of equity would do.
This was a contract made between the parties, by'the terms 'of which the relation of landlord and tenants existed, under the provisions of the Code, and is sought to be enforced by the summary remedy provided for therein. According to 'my individual ■ judgment, the statute of frauds, or the specific execution of the contract, had nothing to do with the case' on trial between the parties. The rights and remedy of. the parties must be controlled by the provisions of the Code which regulates the Relation of landlord and tenánt. Where the owner of lands grants to another simply the right to possess and enjoy the use of -such lands, either for a fixed time, or at the will of the grantor, and the tenant accepts the grant, *the relation of landlord and tenant exists between .them. In such case, no estate passes out of the landlord, and the tenant has only a usufruct, which he' cannot convey, except by the landlord’s consent, and which is not subject to levy and sale: . Code, 2253. Contracts creating the relation of landlord and' tenant for any time not exceeding one year, may be by parol, and if made for a greater time, shall have the effect of a tenacy at will: Code, 2554. The plaintiff, by his parol contract, simply granted to the defendants the right to possess,and enjoy, the use of the store-house for three years, and the contract being by parol, made the defendants,' by the. expressed terms.of the law, his tenants at will; and' being tenants at will, either party had the right to terminate it at will, on giving the légal notice — the landlord, by giving two month’s notice to the tenants, and the tenants, by -giving one month’s notice to the landlord, which was done in this case.
This contract, undér our law, was not a lease, as contemplated *331 by the English statute of frauds, besides, the word lease is not in our statute of frauds. The words of our statute are : “Any contract for sale of lands, or any interest in or concerning them.” There was no contract for the sale of the store-house, or for the sale of any interest in or concerning it, by the plaintiff to the defendants, but the contract was that the defendants should simply have the right to possess and enjoy the use of the same for three years, at the stipulated price for the rent thereof. The defendants had only the usufruct of the store-house as the plaintiff’s tenants, which they could npt convey to another, except by the plaintiff’s consent. This contract- was not a lease of the storehouse, as defined by our law. A lease is where one grants to another an estate for years out of his own estate, reversion to himself: Code, 2252. Under this contract, no estate in or to the store-house passed out of the plaintiff to the defendants. There was no contract for the sale of the store-house, or for the sale of any interest in or concerning it by the plaintiff to the defendants, nor was there any estate for years in the store-house granted by the plaintiff to the defendants, so as to constitute a lease thereof, to which *the statute of frauds could have had any application, and a specific performance of the parol contract have been decreed as charged by the Court. The defendants were simply tenants at will of the plaintiff, under the parol contract, and had the clear legal right to terminate their tenancy on giving the one month’s notice, and thus avoid the payment of any further rent for the store-house.
What I have heretofore expressed is my individual opinion, and not the judgment of the Court. But we all concur in the opinion that, if the statute of frauds is applicable to the case, and if the plaintiff is entitled to a specific performance of the parol contract, it was error for the Court to have so charged the jury, when the plaintiff had not alleged in his pleadings any equitable grounds which would have entitled him to that relief. Besides, it appears from the evidence in the record that the plaintiff took possession of the store-house on the 1st of September, 1871, before the three years, under the terms of the contract, had expired, so that, in any view of the case, he was not entitled to a specific performance of a part of the contract, but was only entitled, if at all, to have the entire contract specifically performed in accordance with its terms; and upon these two grounds, we reverse the judgment of the Court below.
Ret the judgment of the Court below be reversed.