CRAIG v. AMERICAN CIGAR BOX LUMBER COMPANY et al.

GILBERT, J. The court did not err in directing a verdict for American Cigar Box Lumber Company. In the suit by which that company obtained a judgment for the value of the timber cut by defendants, the rights of the parties in the original suit were adjudicated. If Craig, plaintiff in the present suit, by reason of his petition to intervene, is

bound by the judgment rendered in the former suit, that suit is now res adjudicata as to him. If Craig is not bound by the original suit and that suit is not res adjudicata as to him, then he is not affected by the judgment which adjudicated the rights of the contending parties in that suit, and that judgment would not prevent him from bringing suit against any person or persons for cutting timber trees to which Craig owned the title; and this is true notwithstanding the facts that such parties have been sued by American Cigar Box Lumber Company, that, a judgment was obtained, and that that judgment has been paid by them. Craig had a right to elect whether to become a party to the suit and be bound by the judgment rendered, or to disregard the suit and proceed against any person or persons for cutting his timber. He can not in either event, after seeking to intervene in the original suit and then withdrawing, claim the proceeds of the suit maintained by American Cigar Box Lumber Company.

2. The above ruling is not altered or affected by the fact that American Cigar Box Lumber Company has its residence in another State, and that other defendants to the suit filed by Craig, who were not served, are also non-residents. Craig sought to intervene in the former suit, and voluntarily dismissed. He had the right to elect his remedies. He could have persisted in his effort to intervene and to avail himself of the proceeds of the recovery in that suit. On the other hand he had the right to withdraw from the original suit and not to participate in its fruits or in its liabilities. He elected to withdraw, with notice and knowledge of all of the facts in regard to the suit and the residence of the parties in such case. The fact that some of the parties are non-residents will not afford a basis for equitable intervention on the part of Craig in his present suit for the purpose of subjecting the proceeds of the judgment obtained in the former suit by American Cigar Box Lumber Company.

3. The present suit is to recover the value of a number of poplar and ash trees marked "XTX," removed from lots 251 and 252 in the eighteenth district, first section of Towns County, alleged to be of the value of $1875. It is sought to subject the fund of that amount in the hands of the court, as referred to in the preceding paragraph. The evidence, however, failed to show that the aforesaid fund held in court represented the proceeds derived from the cutting and removing of the trees described in the petition. Furthermore, the allegation in the petition as to value was expressly denied by the answer, and the evidence failed to show the value of the trees described in the petition. For these reasons the plaintiff failed to prove his case.

*Judgment affirmed. All the Justices concur.*

No. 7627. MAY 16, 1930. REHEARING DENIED JULY 30, 1930.

*Pat Haralson, J. G. Collins* and *Thad. L. Bynum,* for plaintiff.
*Wheeler & Kenyon,* for defendant.