20895, 20906.   TREADWELL v. TREADWELL; and
*vice versa.*
20896, 20907.   KEMP v. TREADWELL; and *vice versa.*

ARGUED MAY 10, 1960—DECIDED JUNE 28, 1960.

160

*E. B. Shaw,* for plaintiff in error (case No. 20895).
*Edward Andrews,* contra.

*Kermit C. Bradford,* for plaintiff in error (case No. 20896).
*Edward Andrews,* contra.

HEAD, Presiding Justice.   " 'A contract upon which specific performance is sought must be certain, definite and clear, and so precise in its terms that neither party can reasonably misunderstand it.' *Studer v. Seyer,* 69 Ga. 125, 126.   Moreover, since specific performance is an altogether equitable remedy, and not one which can be demanded, merely by virtue of a proven agreement, as a matter of absolute right, it must be made to further appear that the contract is equitable and just, and a court will be justified in refusing a decree of performance should inadequacy of price appear, or any other fact showing the contract to be unfair, or unjust, or against good conscience.   Code § 37-805; *Coleman v. Woodland Hills Co.,* 196 Ga. 626 (27 S. E. 2d 226).   Thus, if the alleged contract sued on be based on an oral agreement to convey or devise land in consideration of the performance of ordinary personal services, the petition must not only show that the contract is precise in its terms, but must also allege the value of such services and the value of the land or specific data from which such relative values can be determined.   *Johns v. Nix,* 196 Ga. 417 (26 S. E. 2d 526), and cit. Exceptions to the general rule as to the necessity for averments as to the value of services may exist in cases involving virtual adoption or contracts between near relatives, where one goes into the home of the other agreeing to nurse and give the other personal, affectionate, and considerate attention, such as could not readily be procured elsewhere, and where the value of such services could not be readily computed in money.   *Potts v. Mathis,* 149 Ga. 370 (100 S. E. 110); *Brogdon v. Hogan,* 189 Ga. 250 (5 S. E. 2d 657); *Hankinson v. Hankinson,* 168 Ga. 156, 158 (147 S. E. 106)."   *Bullard v. Bullard,* 202 Ga. 769 (1) (44 S. E. 2d 770).

The oral agreement alleged in the present case between the plaintiff and the deceased, Mrs. Thurman, is quoted in full in the statement of facts.   Briefly, it is alleged that the obligations of the plaintiff under the contract were that: he was to get a

transfer in his employment and move to the little house on the property of the deceased; he was to make enumerated improvements on the little house, adding modern conveniences, "so that Mrs. Thurman could in her declining years make her residence in the little house with them and have available to her these conveniences which were not available to her in the large home"; and he would live on the property during her lifetime in order that she not be alone in her declining years.

There is no further elaboration in the petition of any duties and obligations of the plaintiff under the contract. The petition specifies numerous acts of personal service which the plaintiff and his wife performed for the deceased during the slightly more than three years that she lived on the property after the plaintiff moved thereon, prior to the time that she was placed in a private institution because of her mental condition. It is not asserted that these acts of personal service were required under the contract.

If the contract as alleged was intended to include "personal, affectionate, and considerate attention, such as could not readily be procured elsewhere," (*Bullard v. Bullard*, 202 Ga. 769, supra), then it was not certain, definite, and clear as to such personal services. There are no allegations to indicate whether or not it was the intention of the parties that the plaintiff was to provide the necessities of life for the deceased while she was making her home with him, or to furnish the personal nursing care which would likely be needed by one of her advanced age. The allegations in regard to the services later performed could not supply a deficiency in the contract itself.

If the only obligations of the contract were that the plaintiff obtain a transfer in his employment, make his home in the little house near the home of Mrs. Thurman, make substantial improvements on the little house, and live upon the property during her lifetime, then the contract was not one for "personal, affectionate, and considerate attention, such as could not readily be procured elsewhere," (*Bullard v. Bullard*, 202 Ga. 769, supra), to take it out of the rule that a person seeking specific performance of an oral agreement to devise land in consideration of the performance of ordinary personal services must allege the value of the

land and the value of the services performed, or specific data from which such values can be determined, in order that a court of equity may determine whether the contract is fair, just and equitable, and one that in good conscience should be enforced. *Potts v. Mathis,* 149 Ga. 367 (100 S. E. 110). The mere fact that the contracting parties are relatives is not enough to bring the case within the exception to the rule requiring allegations in regard to the values of the land and of the services rendered. *Brogdon v. Hogan,* 189 Ga. 244 (5 S. E. 2d 657).

Since the petition was subject to general demurrer for the reasons heretofore stated, no ruling is made as to the sufficiency of the allegations to show a substantial compliance by the plaintiff with the obligations of the contract.

It was error to overrule the general demurrers of both defendants to the petition. It is therefore unnecessary to consider the assignments of error based on rulings on the special demurrers to the petition. The cross-bills are subject to dismissal, since the trial judge granted leave to the defendants to amend their answers, amendments were filed, the plaintiff's demurrers thereto renewed, and no ruling has been made on the renewed demurrers to the amended answers.

*Judgments reversed on both main bills of exceptions; cross-bills dismissed. All the Justices concur.*