21367. TREADWELL v. TREADWELL.

21368. KEMP, Executor v. TREADWELL.

Submitted September 14, 1961—Decided October 5, 1961—
Rehearing denied October 24, 1961.

*E. B. Shaw, Kermit C. Bradford,* for plaintiffs in error.

*Candler, Cox, McClain & Andrews, Edward Andrews,* contra.

Almand, Justice. The orders excepted to in the bill of exceptions are ones overruling the general and special demurrers of the executor and a devisee to an equitable petition seeking specific performance of an oral agreement to devise by will a described tract of real estate.

This is the second appearance of these cases in this court. In *Treadwell v. Treadwell,* 216 Ga. 156 (115 SE2d 535), we reviewed and reversed an order overruling the general demurrers to the petition. The allegations of the petition as then appearing are fully set out therein. We there held that, since the services the plaintiff agreed to render to the testatrix and alleged he had rendered in consideration of her promise to devise the described property were ordinary personal services, and since there were no allegations of the value of such services or of the value of the property, the subject of the promise, the petition failed to set forth a cause of action for specific performance. While the case was pending in this court and after the reversal of the judgment by this court, but before the remittitur of this court was made the judgment of the trial court, the plaintiff filed amendments to his petition. There he set out in detail the nature and kind of services he rendered the testatrix, which were alleged to be of the value of $29,500. The property, which was alleged to be the subject matter of the promise, was valued at $30,000. The petition as amended sets forth a definite agreement as to subject matter, consideration, promise of each party, perform-

ance on the part of the plaintiff, a failure on the part of the testatrix to perform, the values of the services and of the property, the subject matter of the alleged contract. The amendments to the petition having supplied the missing essentials as pointed out in our former decision, the trial court did not err in overruling the general demurrers to the amended petition. See *Zachos v. Citizens & Southern Nat. Bank,* 213 Ga. 619 (100 SE2d 418).

We have examined the special demurrers and find that the trial court did not err in overruling these.

*Judgments affirmed. All the Justices concur.*