21424.   JACKSON, Executrix v. COPELAND.
21425.   LESTER v. COPELAND.

Submitted October 9, 1961—Decided November 9, 1961.

*Jean E. Johnson, Sr.,* for plaintiff in error (Case No. 21424).
*G. Conley Ingram, Reed, Ingram & Flournoy,* contra.

*Edwards, Bentley, Awtrey & Bartlett, Scott S. Edwards, Jr.,* for plaintiff in error (Case No. 21425).

*Reed, Ingram & Flournoy, Conley Ingram, Jean E. Johnson,* contra.

Head, Presiding Justice.   Millard Copeland, Jr., filed an equitable petition against Mary Jackson, as executrix of the will of Janie Copeland, deceased, and Bannie Mae Lester, a devisee under the will of the deceased, for specific performance of an alleged oral contract to make a will devising to the petitioner all of the property, both real and personal, of the deceased.   It was alleged that the deceased had approximately $7,339 on deposit in a bank.   By amendment it was alleged that the fair and reasonable market value of the real property was $2,000, the value of the truck, $250, and the value of the furniture, $300. It was asserted that "the value of petitioner's services under his agreement with Janie Copeland exceeds the value of said property, including the aforesaid money on deposit at the time of Janie Copeland's death."

The separate general demurrer of each of the defendants was overruled, and each defendant filed a bill of exceptions assigning error on the judgment overruling the demurrer of such defendant.

"Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just.   Mere in-

adequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract, its terms must be clear, distinct, and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." *Shropshire v. Rainey*, 150 Ga. 566 (2) (104 SE 414) ; *Savannah Bank &c. Co. v. Hanley*, 208 Ga. 34, 36 (65 SE2d 26).

The petition alleged that, in August, 1960, the deceased orally agreed with the petitioner "in consideration of petitioner and his wife moving in with her and living with and taking care of her until her death, that all of her property, both real and personal, was to be willed to your petitioner at her death." The allegations as to the performance of the contract were as follows: "That in consideration of this agreement between petitioner and said decedent, petitioner and his wife moved to Janie Copeland's home and began taking care of her and her property and lived with her there until she died on March 17, 1961. Petitioner further shows that in consideration of said agreement between him and the decedent, Janie Copeland, between the time they entered into said agreement and the date of her death, your petitioner contributed to the upkeep, maintenance and operation of said property by his own labor and has improved said property by having said house wired for electricity which cost your petitioner approximately $127.00 and petitioner also entered into a contract with the Cobb County Rural Electric Membership Corporation to pay the sum of $14.30 a month for electrical service to said house and petitioner in general has expended labor in patching and fixing up the premises."

The allegations of the petition did not show that the petitioner contracted to render personal, affectionate, and considerate attention and services to the deceased such as could not readily be procured elsewhere, nor does he allege that such services were, in fact, rendered. Therefore the case does not fall within the rule that averments as to the value of services are unneces-

sary in cases involving virtual adoption or in contracts between near relatives where one goes into the home of the other agreeing to nurse and give the other personal, affectionate, and considerate attention such as could not readily be procured elsewhere, and where the value of such services could not be readily computed in money. *Johns v. Nix,* 196 Ga. 417 (3) (26 SE2d 526); *Bowles v. White,* 206 Ga. 433 (57 SE2d 547); *Treadwell v. Treadwell,* 216 Ga. 156 (115 SE2d 535).

The averments of the petition are wholly inadequate to show that the contract is one that should be enforced in a court of equity. The general allegation that the petitioner "took care of" the deceased until she died must yield to the specific allegations of the petition. "Where both general and specific allegations are made regarding the same subject-matter, the latter will control." *Green v. Perryman,* 186 Ga. 239, 247 (197 SE 880); *Frazier v. Southern Ry. Co.,* 200 Ga. 590, 597 (37 SE2d 774). The specific allegations show that the "care" which he gave the deceased was in patching and fixing up her property by his own labor, expending $127 to have her home wired for electricity, and contracting to pay $14.30 a month for electrical service. Construing the petition most strongly against the petitioner on general demurrer, as we must (*Lee v. City of Atlanta,* 197 Ga. 518, 520; 29 SE2d 774), it is not shown that, pursuant to the contract, the petitioner and his wife rendered any services to the deceased other than those stated pertaining to her property.

The petition does not allege when the petitioner and his wife moved in with the deceased. The period of performance of an alleged contract for the devise of property in consideration of services is an essential allegation. *Bullard v. Bullard,* 202 Ga. 769 (2a) (44 SE2d 770). There is no allegation as to the age of the deceased at the time the contract was made, so that her life expectancy might be calculated, and no basis for the determination of the fairness of the contract is otherwise alleged. *Matthews v. Blanos,* 201 Ga. 549, 563 (40 SE2d 715); *Mann v. Moseley,* 208 Ga. 420 (67 SE2d 128). No value is placed on the personal services performed by the petitioner as related to the property. The expenditure of approximately

$200 on the premises would not justify a court of equity in decreeing specific performance of an alleged contract to devise property alleged to be worth approximately $10,000. The conclusion of the petitioner that the value of the services he rendered was worth more than the value of the property is not supported by any allegations of the petition.

The case of *Allen v. Bobo,* 215 Ga. 707 (113 SE2d 138), cited and strongly relied on by counsel for the petitioner, is clearly distinguishable on its facts from the present case.

The allegations in the present case are insufficient to state a cause of action for specific performance, and the court erred in overruling the general demurrers. *Harper v. Kellar,* 110 Ga. 420, 423 (35 SE 667); *Hill v. Hill,* 149 Ga. 50, 52 (99 SE 31); *Potts v. Mathis,* 149 Ga. 367 (100 SE 110); *Brogdon v. Hogan,* 189 Ga. 244 (5 SE2d 657).

The cross-action of the executrix for damages and attorney's fees was properly stricken. *West v. Haas,* 191 Ga. 569 (13 SE2d 376); *Roberts v. Scott,* 212 Ga. 87 (90 SE2d 413).

*Judgment affirmed in part and reversed in part in case No. 21424; reversed in case No. 21425. All the Justices concur.*