23683.   LOGAN et al. v. PHILLIPS, Executrix, et al.

SUBMITTED SEPTEMBER 13, 1966—DECIDED NOVEMBER 17, 1966.

*F. H. Boney,* for appellants.

*Robert Edward Surles, Oscar M. Smith, Matthews, Maddox, Walton & Smith,* for appellees.

GRICE, Justice.   The denial of a motion for summary judgment in an action for specific performance of an alleged agreement to devise is for review here.   The suit, filed in the Superior Court of Chattooga County, was by Elgin K. Logan and Charles T. Logan, two sons of the testatrix, against Kathleen Logan Phillips, individually and as executrix of her will, Mary Jo Logan, and other named children.

The plaintiffs alleged that they and their mother agreed that as partners they would operate a dairy farm, that she would be paid one-third of the net proceeds of the partnership during her lifetime, and that in return she agreed to leave them by her will certain described real estate and personal property.   They further alleged that they complied with their part of the agreement, but that their mother, in violation of it, deeded part of such real estate to the defendant Kathleen Logan Phillips and devised another portion to the defendant Mary Jo Logan.   These defendants denied the material allegations of the petition.

This court in *Logan v. Logan,* 221 Ga. 769 (147 SE2d 326), affirmed the trial court as to the sufficiency of the petition in this case, but reversed as to denial of plaintiffs' motion to re-in-

state the executrix as a party defendant. Thereupon she was made a party.

The plaintiffs then moved for summary judgment, relying upon their own affidavits and depositions which the defendants had taken. The defendants opposed this motion with their affidavits, contending that there were genuine issues as to material facts.

Urged as error here are enumerations as to the denial of the motion for summary judgment, the exclusion of certain evidence, and the allowance of other evidence.

As we view the record it is necessary to determine only one question: was there an issue of fact as to whether the alleged agreement was "unfair or unjust or against good conscience" so as not to be subject to specific performance (*Code* § 37-805), and hence not a proper case for summary judgment under *Code Ann.* § 110-1203?

In this connection the defendant Mary Jo Logan in her affidavit, besides other matters, swore that the real property sought by the plaintiffs was worth about $40,000; that the plaintiffs rendered no valuable services to the testatrix and paid nothing to her for such property; that the testatrix furnished practically all of the capital, including land, buildings, machinery and livestock, used in the partnership and also worked hard in it herself; that whatever services the plaintiffs performed were to the partnership; that they were paid their fair and agreed share of the income from the partnership; and that they received certain food commodities and rent-free use of a house, as well as the benefit of services rendered by the testatrix to them and to the partnership.

The defendant Kathleen Logan Phillips, in her affidavit, swore that the testamentary disposition claimed by the plaintiffs would have been additional payment for work for which the plaintiffs had already been fully compensated; that the testatrix, in addition to providing the land, furnished a partnership interest which she acquired from their father; and also that she gave the plaintiffs her one-third interest in another valuable farm.

There is no merit in the appellants' enumerations of error

asserting that the matters recited in these affidavits are conclusions.

The matters recited in the two affidavits supported the defendants and thereby raised a genuine issue as to a material fact, whether the alleged agreement was unfair, unjust, or against good conscience.

The denial of the summary judgment was for this reason alone correct. It is not necessary to consider the other enumerations of error.

*Judgment affirmed. All the Justices concur.*