### 24178. LOGAN et al. v. LOGAN et al.

UNDERCOFLER, Justice. This is a suit by two brothers against the executrix of their mother's will and their brothers and sisters to enforce an oral contract made with their mother by which she allegedly agreed to devise property to them in consideration for their services in operating a dairy and farming business after the death of their father. This case has been before this court on two previous occasions. *Logan v. Logan,* 221 Ga. 769 (147 SE2d 326); *Logan v. Phillips,* 222 Ga. 714 (152 SE2d 384).

The evidence shows that the plaintiffs and their father entered the dairy and farming business in 1946 under a partnership agreement in which each had a one-third interest. The father died in 1955 and the mother acquired her husband's interest in the partnership. At that time each owned one-third of a 200-acre tract of land in Walker County, and one-third of all livestock, machinery and other personal property used in connection with the dairy and farming business. The Walker County tract was used for pasture and growing feed. The main dairy and farming operations were located on an 85-acre tract of land in Chattooga County, which can be termed the "homeplace" owned by the mother. After the father's death the plaintiffs allege their mother agreed orally to make a will devising to them the "homeplace" with the exception of the residence, her one-third interest in the Walker County tract, and her one-third interest in the dairy and farming business and all of the assets thereof in consideration for their carrying on such business and sharing the profits with

her on a one-third basis as they had done with their father. In 1955, shortly after the father died, the mother executed a will in which she devised to the plaintiffs the same property claimed under the oral contract. The plaintiffs carried on said business and devoted their full time thereto until their mother's death in 1963. Partnership tax returns were filed which showed that each partner received a net income of approximately $3,000 per year from 1955 to 1963. The evidence also shows that plaintiffs performed substantially all the work necessary to the operation of the dairy and farm and that these services were worth $5,000 to $6,000 per year each and that the "homeplace" tract, less the residence, was worth approximately $13,000 to $16,000 in 1955. During this period substantial improvements were made on the homeplace such as terracing, fencing, improving pastures, etc., which were paid for by the partnership earnings. There is no evidence in the record of the value of the Walker County tract, the livestock and all of the other personal property owned by the partnership.

In 1960 the mother executed another will which devised the property contrary to the oral agreement claimed by the plaintiffs, and she also deeded a 250-foot square tract of the "homeplace" to one daughter who did not take possession of it before the mother died.

The plaintiffs prayed for specific performance of the alleged oral contract and cancellation of the deed to the 250-foot square tract.

At the conclusion of the evidence the defendants moved for a directed verdict which was denied by the court. The jury returned a verdict for the plaintiffs. The defendants filed a motion for new trial and a motion for judgment notwithstanding the verdict which were denied. They filed their notice of appeal from the denial of these motions. In their enumeration of errors the defendants contend, among other things, that the trial court erred in overruling their motion for directed verdict and their motion for judgment notwithstanding the verdict. *Held:*

1. The appellees' motion to dismiss the appeal in this court because of delay in filing the transcript of evidence in the lower court is denied for the reason that the transcript of evidence was filed therein before the notice of appeal was filed and complies with the Appellate Practice Act. *Code Ann.* § 6-806 (Ga. L. 1965, pp. 18, 26).

576

2. "An oral contract by the terms of which a person agrees for a valuable consideration that he will make a will giving property to the other contracting party may be enforced by specific performance in this State. See *Banks v. Howard,* 117 Ga. 94 (43 SE 438). The law, however, very properly has laid down some very strict rules governing the enforcement of any contract by specific performance. Specific performance of a contract will not be decreed unless 'the contract be definite and specific, based upon a sufficient legal consideration, and the proof of it be strong, clear, and satisfactory.' *Pair v. Pair,* 147 Ga. 754 (95 SE 295)." *First Nat. Bank &c. Co. v. Falligant,* 208 Ga. 479 (67 SE2d 473). "Moreover, since specific performance is an altogether equitable remedy, and not one which can be demanded, merely by virtue of a proven agreement, as a matter of absolute right, it must be made to further appear that the contract is equitable and just, and a court will be justified in refusing a decree of performance should inadequacy of price appear, or any other fact showing the contract to be unfair, or unjust, or against good conscience. *Code* § 37-805; *Coleman v. Woodland Hills Co.,* 196 Ga. 626 (27 SE2d 226)." *Bullard v. Bullard,* 202 Ga. 769 (1) (44 SE2d 770); *Matthews v. Blanos,* 201 Ga. 549 (1) (40 SE2d 715). "Unless an oral contract to make a will, sought to be enforced by specific performance, is one where the petitioner agreed to go into the home of another to nurse the person and give such personal, affectionate, and considerate attention as could not readily be procured elsewhere, and where the value of such services could not readily be computed in money, the petitioner must allege and prove the value of the property and the value of the services contracted to be rendered." *Hudson v. Hampton,* 220 Ga. 165 (5) (137 SE2d 644); *Miller v. Cotten,* 5 Ga. 341; *Potts v. Mathis,* 149 Ga. 367 (100 SE 110); *Brogdon v. Hogan,* 189 Ga. 244 (5 SE2d 657); *Johns v. Nix,* 196 Ga. 417 (3) (26 SE2d 526); *Hulgan v. Gledhill,* 207 Ga. 349 (61 SE2d 473); and *Jackson v. Copeland,* 217 Ga. 420 (122 SE2d 573). Since the evidence in the instant case fails to show the value of the Walker County farm, the value of the livestock, and the value of the other personal property alleged to be part of the oral contract, the jury had no evidence upon which to determine whether or not the contract was fair, just and equitable. Furthermore, if a contract is one entire contract, a party is

not entitled to specific performance of a part of it. *Hooper v. Dwinnell*, 48 Ga. 442 (2), 445; *O'Rear v. Lamb*, 194 Ga. 455 (5) (22 SE2d 74).

It follows that the court erred in denying the motion for a directed verdict made by the defendants and in denying the motion for judgment notwithstanding the verdict. *Craig v. American Cigar Box Lmbr. Co.*, 170 Ga. 731 (3) (154 SE 231); *Minor v. Fincher*, 213 Ga. 365, 369 (99 SE2d 78).

3. Since this ruling is a final disposition of this case, the other enumeration of errors will not be considered by this court.

*Judgment reversed with direction that a judgment notwithstanding the verdict be entered in favor of the defendants. All the Justices concur.*

ARGUED JULY 10, 1967—DECIDED SEPTEMBER 7, 1967— REHEARING DENIED SEPTEMBER 21, 1967.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith, Robert Edward Surles*, for appellants.

*F. H. Boney*, for appellees.