44463. WEEKES, Administrator v. PARKER.

JORDAN, Presiding Judge. This is an action against an administrator to recover damages for an alleged breach of contract by the decedent in failing to make a will devising real estate to the plaintiff as verbally promised in return for services performed from on or about January of 1960 until his death in March of 1966. The administrator appeals from a summary judgment in favor of the plaintiff for the amount obtained from the public sale of the property to the highest bidder in November of 1966. *Held:*

1. The motion to dismiss the enumeration of errors is without merit.

2. "[I]t is permissible to grant a motion for summary judgment only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). In making this determination, the evidence is to be construed most favorably to the party opposing the motion, and he is to be given the benefit of all reasonable doubts and of all reasonable inferences from it. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408)." *Malcom v. Malcolm,* 112 Ga. App. 151, 154 (144 SE2d 188). The credibility of a witness is a matter for jury determination. *Capital Automobile Co. v. General Motors Acceptance Corp.,* 119 Ga. App. 186, 191 (166 SE2d 584). "The Act [authorizing summary judgment] cannot deprive a party of the opportunity to have a trial of a genuine issue as to any material fact, and it is indeed a great responsibility to say that 'in truth there is nothing to be tried.'" *Holland v. Sanfax Corp.,* supra, p. 5.

3. Evidence to the effect that a devise would be additional payment for work for which the claimant has already received full compensation raises a genuine issue of material fact as

to whether an agreement was unfair, unjust, or against good conscience, and thus authorizes the denial of a summary judgment for the plaintiff in an equitable action for specific performance of an alleged agreement to devise. *Logan v. Phillips*, 222 Ga. 714 (152 SE2d 384).

4. Even if under *Code* § 38-1603 the affidavit of the plaintiff should not be considered, in view of the restrictions on the opposite party testifying in his own favor as to transactions or communications with a deceased person whose personal representative is the other party, the affidavits of purportedly disinterested witnesses substantiate prima facie the alleged claim of the plaintiff, and warrant the grant of a summary judgment unless the single counter-affidavit submitted on behalf of the defendant raises genuine issues of material fact requiring resolution by a jury. In the counter-affidavit the deponent states that she and five others named therein, including the plaintiff, as well as other people, assisted the decedent in performing daily chores and tasks during the last few years of his life, and "that of her own personal knowledge the said George G. Moon paid for all such services as rendered including such services rendered by Mrs. Millie S. Parker." She also states that she was with the decedent on numerous occasions, and she never heard the decedent state or imply the existence of any agreement with Mrs. Parker regarding the disposition of his property, "that Mrs. Millie S. Parker did not perform any greater or different services than did other friends and relatives above mentioned," and "that of her own personal knowledge decedent, on several occasions, mentioned that he had or intended to make a will leaving his property to his relatives." Only a jury is authorized to determine the truth of her statements, which at least inferentially raise issues of credibility and create doubt as to the verity of the affidavits submitted on behalf of the plaintiff concerning the conditions under which she performed services for the decedent while he was living, including compensation. Who is to be believed? Under the circumstances we cannot say that "in truth there is nothing to be tried." Accordingly, we think the trial judge erred in granting summary judgment to the plaintiff.

*Judgment reversed. Hall and Whitman, JJ., concur.*

SUBMITTED MAY 7, 1969—DECIDED OCTOBER 7, 1969—
REHEARING DENIED OCTOBER 28, 1969—

*George H. Carley, Charles H. Hyatt,* for appellant.
*George P. Dillard, G. Douglas Dillard,* for appellee.