## A96A2374. U. B. VEHICLE LEASING, INC. v. VISION INTERNATIONAL, INC.
### (481 SE2d 597)

Judge Harold R. Banke.

U. B. Vehicle Leasing, Inc. ("UB") sued Vision International, Inc. ("Vision"), alleging breach of contract to lease a vehicle. UB appeals the trial court's order directing a verdict in Vision's favor, enumerating three errors.

This case arose after Zahid Hassan leased a Lexus from Nalley Luxury Imports ("Nalley"). In executing the agreement, Hassan named Vision as the lessee and himself as Vision's vice president and the sole guarantor. Nalley assigned the lease to UB, which sued Vision for the balance due under the agreement after Hassan ceased making payments.[1] UB also repossessed the vehicle.

Vision's president Mohammed Qayum filed a pro se response asserting that because Hassan had divested his interest in Vision over a year before he leased the Lexus, Vision was not liable. Qayum attached a copy of the agreement containing Hassan's resignation.

Before Vision obtained counsel, it received requests for admissions from UB and did not respond to them. Once retained, counsel informed UB that Vision would respond within 15 days. UB did not object, but commenced trial with the argument that Vision had admitted all the requests for admission by failing to timely respond. The trial court permitted Vision to withdraw the admissions. The court granted Vision's motion for directed verdict after a bench trial. *Held*:

1. The trial court did not abuse its discretion by granting Vision's motion to withdraw admissions. Upon a proper motion, trial courts may permit the withdrawal of admissions after the statutory time for answering has passed notwithstanding the fact that the failure to timely answer or object to matters raised in requests for admissions results in their automatic admission. OCGA § 9-11-36 (a) (2); *Johnson v. City Wide Cab,* 205 Ga. App. 502 (1) (422 SE2d 912) (1992). Inasmuch as Vision demonstrated that the admitted request for admissions could be refuted by admissible evidence and UB failed to satisfy the court that withdrawal would prejudice it in maintaining the action on the merits, we cannot say the trial court abused its discretion. *Rowland v. Tsay,* 213 Ga. App. 679, 679-681 (1) (445 SE2d 822) (1994); *Kelly Energy Systems v. Bd. of Commrs. of Clarke County,* 196 Ga. App. 519, 521 (3) (396 SE2d 498) (1990).

2. We reject UB's contention that reversal is required because the trial court excluded an uncertified copy of a check from Vision

---

[1] At trial, UB's counsel stated that UB had obtained a judgment against Hassan.

purportedly for the down payment on the Lexus. Nalley provided the copy to UB, which sought its admission as a business record. The court sustained Vision's objection to the copy for lack of proper foundation because UB's witness, its regional marketing manager, was absent when the check was tendered or when Nalley made the copy and he admitted he could not testify as to Nalley's regular course of dealing.

Admission under OCGA § 24-3-14 (b), the business records exception to the hearsay rule, requires as a foundation the "testimony of a witness who is familiar with the *method* of keeping the records and who can testify thereto and to facts which show that the entry was made in the regular course of a business at the time of the event or within a reasonable time thereafter." (Emphasis in original.) *Hertz Corp. v. McCray*, 198 Ga. App. 484, 485 (2) (402 SE2d 298) (1991). Because UB's witness had no personal knowledge of the transaction or the making of the copy and provided conflicting testimony about his familiarity with Nalley's business practices or regular course of dealing, we cannot say that the trial court manifestly abused its discretion in excluding the copy. *Nalley Northside Chevrolet v. Herring*, 215 Ga. App. 185, 186-187 (3) (450 SE2d 452) (1994).

Moreover, even if exclusion was error, we find it harmless. See *Hertz*, 198 Ga. App. at 486 (2). The record shows that the check at issue was signed by Hassan and his wife. It therefore is not determinative of Vision's involvement in this transaction, the crucial issue in UB's case.

3. In its third enumeration, UB argues that the trial court erred in excluding the contract at issue in this action. The record demonstrates, however, that the contract was admitted without objection. The court's questions as to Nalley's failure to execute a corporate resolution do not go to the contract's admissibility. On the contrary, they demonstrate its consideration of the evidence at issue.

*Judgment affirmed. Andrews, C. J., and Smith, J., concur.*

DECIDED FEBRUARY 12, 1997.

*Bridgers, Stringfellow, Bland & Peters, Henry R. Stringfellow,* for appellant.
*Akil K. Secret,* for appellee.

