A02A0330. McCARTER v. LA HACIENDA CONDOMINIUM ASSOCIATION, INC.
(564 SE2d 483)

ELDRIDGE, Judge.

Jeanette McCarter is the owner of a condominium in Gwinnett County and is a member of La Hacienda Condominium Association, Inc. She fell behind in paying the $252.50 monthly Association fee as well as an additional monthly $121.44 special assessment, which totaled $4,183, and the Association obtained a consent judgment against her for $1,828.73, which was the then owed fees and special assessment. On December 21, 1998, the Association brought a wage garnishment against her for such sums, but McCarter traversed the garnishment, which was denied on February 2, 1999. McCarter sued the Association in this action for slander and for recoupment of overpayments; the Association countersued for further delinquent fees, interest, expenses of litigation, and attorney fees. The Association moved for summary judgment on both its counterclaim and McCarter's claims, which the trial court granted. The Association contends that it was entitled to summary judgment, because there had been two judicial determinations of the amount McCarter owed. However, the two judicial determinations of such sums owed could only have res judicata effect as to the debt incurred prior to the January 30, 1998 consent order along with any sums which became due prior to the June 2, 1998 entry of a consent judgment. Since additional fees and assessments continued to accrue to the present, then an issue of the allocation of payments between prior debts and current debts must be made, which prevents res judicata from totally precluding consideration of the debts. Finding no error, we affirm without considering res judicata.

1. McCarter contends that the trial court erred in granting the Association's motion for summary judgment. We do not agree.

By affidavit, McCarter claims that she overpaid the Association by $4,430.78 and that she paid it $12,704.42, "as shown by various canceled checks which will be introduced into evidence at trial." While she attached to her affidavit a summary of her alleged payments and photocopies of the faces of some checks payable to the

Association and of the back of some cancelled checks, the affidavit neither identified the summary and the photocopies of checks nor accounted for the original absent checks. If the photocopies were made by McCarter's bank from microfilm because the originals had been destroyed or lost, then the bank should have certified that such were exact copies made from microfilm kept in the ordinary course of business. If the photocopies of checks were of the original checks in McCarter's custody and control but now lost or destroyed, then the affidavit should have stated this. However, if McCarter had the original checks in her custody and control, then she should have attached them to the original affidavit filed in the trial court as evidence in opposition to the motion.

Affidavits in opposition to motions for summary judgment must conform to OCGA § 9-11-56 (e) as to the rules of evidence, which is the "codification of the common law requirements as to affidavits." *McPherson v. McPherson*, 238 Ga. 271, 272 (1) (232 SE2d 552) (1977). The affidavit failed to lay a proper foundation for the admission of copies of checks by authenticating and identifying them by the affiant, and there was no bank certification of the checks; further, the affidavit failed to account for the original checks' absence, which would allow photocopies to be admissible as secondary evidence. Thus, the check copies violate the best evidence and hearsay rules. Further, the check copies were not established as business records as an exception to the hearsay rule. OCGA §§ 24-3-14; 24-5-4; *Clark v. State*, 271 Ga. 6, 9-11 (5), (6) (515 SE2d 155) (1999); *U. B. Vehicle Leasing v. Vision Intl.*, 224 Ga. App. 611-612 (2) (481 SE2d 597) (1997); *Thomasson v. Trust Co. Bank*, 149 Ga. App. 556, 557-559 (254 SE2d 881) (1979); cf. *Val Preda Motors v. Nat. Uniform Svc.*, 195 Ga. App. 443, 444 (2) (393 SE2d 728) (1990) (debtor's affidavit denying debt raised a material issue of fact either as fact or opinion where creditor did not attach business records to establish the debt). Consequently, the allegations and conclusions made by McCarter in her affidavit are inadmissible as statements of specific facts and were unsupported by checks and payment summary, as these were in an inadmissible form. See generally *Estate of Patterson v. Fulton-DeKalb Hosp. Auth.*, 233 Ga. App. 706, 707 (1) (505 SE2d 232) (1998) (medical expert's affidavit did not have medical records attached to support his opinion); *Pratt v. Tri City Hosp. Auth.*, 193 Ga. App. 473 (388 SE2d 69) (1989) (must have records attached and authenticated when relied upon in the affidavit). An unsupported conclusion without specific facts to support it is a bare conclusion and "cannot be considered as evidence." *McPherson v. McPherson*, supra at 272. Thus, only evidence admissible in the trial court will be considered by either the trial court or this Court on de novo review of the grant of summary judgment. *Dews v. Ratterree*, 246 Ga. App. 324, 325-326

(540 SE2d 250) (2000); *Roth v. Connor*, 235 Ga. App. 866, 872 (4) (510 SE2d 550) (1998). Stripped of the attached exhibits and the conclusions, McCarter's affidavit fails to create a material issue of fact that she had overpaid or even paid the fees, interest, and costs that she owed to the Association.

In contrast, the Association introduced the affidavits of the Association's property manager, who identified the attached declaration of covenants, bylaws, and records of accounts as to McCarter, which showed that a balance was due through December 31, 1999, of $5,641.98. The Association's attorney gave an affidavit as to the attached judgment, garnishment, traverse of garnishment, court order, costs, and legal fees of $2,174.97, with billing statements attached. Thus, the Association, by the evidence produced, was entitled to prevail, because there is no evidence sufficient to create a jury issue as to payment, and the evidence shows nonpayment. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Bandy v. Mills*, 216 Ga. App. 407 (454 SE2d 610) (1995).

2. McCarter contends that the trial court erred in granting attorney fees subject to the finder of fact's determination of the reasonableness of such fees. We do not agree.

McCarter contends that "[t]he trial court erred in this ruling [(finding attorney fees in some amount)] as the Association's right to collect attorney's fees is premised upon the Association's underlying right to collect unpaid assessments and monthly [A]ssociation fees." In Division 1, we found that the trial court did not err in finding that the Association had a right to collect unpaid assessments and monthly association fees. Thus, Division 1 controls this enumeration as well.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED APRIL 15, 2002.

*Zachary & Segraves, Kenneth L. Levy*, for appellant.
*Weissman, Nowack, Curry & Wilco, Derek W. Johanson*, for appellee.