## A03A0644. MILLER v. MILLER et al.

(586 SE2d 36)

MIKELL, Judge.

Ganes Wilton Miller ("Wilton") brought an action against Nellie Miller individually and as executrix for specific performance of two alleged oral contracts. One was a contract to make a will devising a tract of land. The other was a contract to convey the same property in consideration of Wilton's not contesting the will. The trial court granted summary judgment to the defendant. Wilton appeals that order.

"A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[1]

So viewed, the evidence shows that Wilton's father, Ganes A. Miller ("Ganes"), and his wife, appellee Nellie Miller, acquired title to two adjacent tracts of land in 1986 and 1988, having the total acreage of 24.74 acres. Nellie Miller was Wilton's stepmother. Wilton alleges that in 1988, his father agreed to devise to him 8.59 acres of the property in fee simple, provided that Wilton supervised the construction of a home, i.e., a home for Wilton, on that property, maintained the home, and paid his father and Nellie Miller $600 monthly. There were no other witnesses to the alleged contract. Wilton partly performed his obligations under the contract. Ganes died testate on July 19, 1996. His will was probated and Nellie Miller was appointed executrix of the estate. Ganes devised his one-half undivided interest in the property to Nellie Miller. Wilton claims that in exchange for his agreement not to contest the will, Nellie Miller agreed to convey the property at issue to him, but she later refused to do so. The trial court granted Nellie Miller's motion for summary judgment on the ground that both alleged oral contracts were unenforceable.

In her affidavit and deposition, Nellie Miller stated that she and Ganes paid for the construction of Wilton's home; that Wilton paid them $600 monthly for rent until Ganes died; that she was unaware of any agreement between Wilton and Ganes wherein Ganes agreed to convey property to Wilton; that after Ganes's death, she was willing to sell a portion of the land to Wilton and have him pay the balance owed on the house; that she met Wilton at an attorney's office to have documents prepared to effectuate that sale, but he rejected her offer; and that she continued to make payments on the land until it was paid off in 1999.

---

[1] (Punctuation and footnote omitted.) *Holden v. Smith*, 236 Ga. App. 205, 207 (511 SE2d 569) (1999).

1. "An oral contract by the terms of which a person agrees for a valuable consideration to make a will giving property to the other contracting party may be enforced by specific performance in Georgia."[2] Such a contract is not barred by the statute of frauds.[3] "The law, however, very properly has laid down some very strict rules governing the enforcement of any contract by specific performance. Specific performance of a contract will not be decreed unless the contract be definite and specific, based upon a sufficient legal consideration, and the proof of it be strong, clear, and satisfactory."[4] Furthermore, "the petitioner must allege and prove the value of the property and the value of the services contracted to be rendered."[5] "These values must be set forth in order to show that the contract which it is sought to enforce is one not unfair, or unjust, or against good conscience; for if it so be, it is fatal to the grant of the relief sought."[6]

In *Logan v. Logan*,[7] our Supreme Court directed the trial court to enter judgment notwithstanding the verdict in favor of the defendants because the plaintiff failed to show the value of the real and personal property alleged to be a part of the contract.[8] Similarly, in *Ford v. White*,[9] we affirmed the trial court's grant of a directed verdict for the defendant where the plaintiff testified at length about the services he provided for the decedent but "failed to prove either the value of his services or the value of [the decedent's] estate,"[10] and the trial court found that it "had no way to test and measure whether or not it was a fair contract based on the evidence that the plaintiff propounded."[11] Wilton's claim for specific performance fails for the same reason.

Wilton deposed that he had no opinion as to the value of the land or the home, and he offered no other evidence of their value. Wilton was asked to place a value on each of the services he provided pursuant to the alleged contract. In each instance, Wilton testified that he had no idea of the value of his services nor did he have any documents or records to assist in the valuation of the services he provided. Further, he had no idea of the amount of money that he spent

---

[2] (Citation and footnote omitted.) *Ford v. White*, 255 Ga. App. 250, 252 (1) (564 SE2d 841) (2002), citing *Logan v. Logan*, 223 Ga. 574, 576 (2) (156 SE2d 913) (1967).

[3] *Zachos v. C & S Nat. Bank*, 213 Ga. 619, 623 (1) (100 SE2d 418) (1957).

[4] (Citations and punctuation omitted.) *Logan*, supra at 576 (2).

[5] (Citations omitted.) *Hudson v. Hampton*, 220 Ga. 165, 166 (5) (137 SE2d 644) (1964). Accord *Treadwell v. Treadwell*, 216 Ga. 156, 160 (115 SE2d 535) (1960); *Logan*, supra at 576; *Ford*, supra at 253 (1).

[6] (Citations omitted.) *Brogdon v. Hogan*, 189 Ga. 244, 249 (5 SE2d 657) (1939).

[7] Supra.

[8] Id. at 576 (2).

[9] Supra.

[10] Id. at 254 (1).

[11] (Punctuation omitted.) Id.

to increase the value of the property nor did he have records to calculate that amount. Wilton explained that he assisted whoever was working on the home or land on the one day of the week that he was off from his regular job.

Wilton supplied an affidavit from his brother, Ray Miller, who actually constructed Wilton's home. Ray Miller averred that Wilton helped with the framing of the house; that Wilton and his wife stained all of the wood that was used in their house; and that the value of labor and materials furnished by Wilton exceeded the sum of $50,000. Ray Miller's affidavit, however, does not change the outcome of this appeal. Ray Miller provided no evidence to substantiate his conclusion as to the value of the labor or materials supplied by Wilton. "Affidavits in opposition to motions for summary judgment must conform to OCGA § 9-11-56 (e) as to the rules of evidence."[12] A conclusion unsupported by specific facts "is a bare conclusion and cannot be considered as evidence."[13] Furthermore, even if we considered Ray Miller's conclusion to be probative of the value of Wilton's services, there remains no evidence of the value of the property, which Wilton must prove to obtain specific performance.[14]

Wilton argues in his reply brief that he did not have to prove value because the court does not inquire into the adequacy of consideration where the parties are relatives. However, our Supreme Court has held that "[t]he mere fact that the contracting parties are relatives is not enough to bring the case within the exception to the rule requiring allegations in regard to the values of the land and of the services rendered."[15]

We also point out that the trial court could have granted summary judgment on another ground argued by Nellie Miller, i.e., the contract was not definite.

> [A] parol contract upon which specific performance is sought should be made out so clearly, strongly and satisfactorily, as to leave no reasonable doubt as to the agreement. Proving the alleged contract by a preponderance of the evidence is not sufficient to satisfy the rigid test. It must be proved beyond a reasonable doubt, a burden quite as onerous as that imposed in criminal cases.[16]

---

[12] (Citation omitted.) *McCarter v. La Hacienda Condo. Assn.*, 255 Ga. App. 68, 69 (1) (564 SE2d 483) (2002).

[13] (Citation and punctuation omitted.) Id.

[14] *Hudson*, supra at 166 (5); *Treadwell*, supra at 160.

[15] *Treadwell*, supra at 162, citing *Brogdon*, supra at 244.

[16] (Citation and punctuation omitted.) *Ray v. Sears*, 220 Ga. 521, 524 (2) (140 SE2d 194) (1965). Accord *Salmon v. McCrary*, 197 Ga. 281 (1) (29 SE2d 58) (1944).

In his affidavit, Wilton states that his father contracted to devise the subject property to him "in consideration of certain promises to supervise construction of improvement to the property, upkeep improvements on the property, and to make monthly payments to G. A. Miller *during his lifetime*." In his deposition, Wilton states that he was to make payments to his father "*until the house was paid for or until something happened to him*." However, Wilton also deposed that his father promised to convey the property to him *once the note on the land was paid*.

In *Prophecy Corp. v. Charles Rossignol, Inc.*,[17] it was determined that in summary judgment cases where the nonmovant's testimony is contradictory, and no reasonable explanation for the contradiction is offered, the nonmoving party's testimony will be construed against him.[18] Applying that rule and construing the remaining evidence in Wilton's favor, summary judgment on the ground that the contract was too indefinite to be enforced by specific performance would also have been appropriate.

2. In the consolidated pre-trial order, Wilton did not raise as an issue the specific performance of his alleged oral contract with Nellie Miller, in which he claims that she agreed to convey the property at issue in consideration of Wilton's not contesting the will. Nellie Miller did not move for summary judgment on that issue, and the trial court did not rule on it. The pre-trial order, when entered, "*controls the subsequent course of the action* unless modified at the trial to prevent manifest injustice."[19] Since Wilton did not raise the issue in the pre-trial order, it is waived.[20]

After the trial court granted Nellie Miller's motion for summary judgment, Wilton filed a motion to amend the pre-trial order to address this issue, which was denied. For reasons fully discussed in Division 3, we do not reach the issue of whether the denial of the motion to amend was erroneous.

3. In his second enumeration of error, Wilton contends that the trial court's denial of his motion for reconsideration and to amend the pre-trial order was erroneous. However, Wilton did not properly preserve this error for review. OCGA § 5-6-37 requires an appellant's notice of appeal to contain "a concise statement of the judgment, ruling, or order entitling the appellant to take an appeal."[21] Wilton's

---

[17] 256 Ga. 27, 30 (2) (343 SE2d 680) (1986).

[18] Id.; *Hall v. Norfolk Southern R. Co.*, 258 Ga. App. 712, 715 (574 SE2d 902) (2002), citing *Prophecy Corp.*, supra.

[19] (Emphasis supplied.) OCGA § 9-11-16 (b).

[20] See *Long v. Marion*, 257 Ga. 431, 433 (2) (360 SE2d 255) (1987). See also *Keeley v. Cardiovascular Surgical Assoc.*, 236 Ga. App. 26, 27 (1) (510 SE2d 880) (1999).

[21] See *Hazelwood v. Adams*, 235 Ga. App. 607 (1) (510 SE2d 147) (1998) (a litigant must specify each order appealed), rev'd on other grounds, *Adams v. Hazelwood*, 271 Ga. 414 (520 SE2d 896) (1999).

notice of appeal states only that he is appealing "from the Order granting Defendant's Motion for Summary Judgment on July 11, 2002."[22] Therefore even though Wilton argues in his appellate brief the propriety of the trial court's denial of his motion for reconsideration and to amend the pre-trial order, he has waived consideration of this issue on appeal.[23]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JULY 8, 2003 —
RECONSIDERATION DENIED JULY 29, 2003.

*Slade & Associates, Howard G. Slade, Jason B. Thompson*, for appellant.

*Allen W. Bodiford, John L. Watson, Jr.*, for appellees.

---

[22] The separate order denying his motion for reconsideration and to amend the pre-trial order was entered on August 14, 2002.
[23] See *Bowers v. Lee*, 259 Ga. App. 382, 384 (2) (577 SE2d 9) (2003).