A05A0547. TRIGUERO v. ABN AMRO BANK N.V. et al.
(614 SE2d 209)

ANDREWS, Presiding Judge.

Irene Munoz Triguero appeals from the trial court's grant of the motion for summary judgment of defendants ABN AMRO Bank N.V. (Bank), ABN AMRO Investment Fund Services, Inc. (Fund), and Gerald Cartigny, an employee of Bank, in her libel and slander action.[1] The trial court found, pursuant to OCGA § 50-2-21 (b) and (c),[2] that Georgia was forum non conveniens and dismissed Triguero's action without prejudice.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence here was that Cartigny, a citizen of the Netherlands, was employed by the Bank beginning in April 1992, and worked in Amsterdam. Triguero, then a resident of Madrid, Spain, was hired by the Bank effective March 16, 1998, to work in Amsterdam as a Junior Account Manager. Cartigny, as Senior Vice President, Department of Institutional Services, supervised Triguero from mid-1999 through September 2000, while they both worked in Amsterdam. Cartigny was responsible for evaluating Triguero's performance and is familiar with the documents in her personnel file, including those in Dutch. Many of the people who worked with

---

[1] We have considered the motion of appellees to strike appellant's Reply Brief because of its untimely filing and its failure to comply with Court of Appeals Rule 1 (c), and said motion is hereby granted.

[2] Effective July 1, 2003. Prior to enactment of this legislation, the common law doctrine of forum non conveniens had been recognized by the Supreme Court of Georgia. *AT&T Corp. v. Sigala*, 274 Ga. 137 (549 SE2d 373) (2001), explained in *Gonzalez v. Dept. of Transp.*, 279 Ga. 230 (610 SE2d 527) (2005).

Triguero and Cartigny are Dutch and currently reside in the Netherlands. Effective October 1, 2000, Triguero resigned her employment with the Bank. She was never employed by the Fund.

Cartigny became the Director of International Products for ABN AMRO Asset Management (USA), LLC in July 2001. This entity is a subsidiary of ABN AMRO Bank and is based in Atlanta, where Cartigny was stationed. Cartigny is not, nor has he ever been, employed by the Fund.

Following her employment with the Bank, Triguero took a position with Shell Pensioenfonds Beheer, B.V. in the Netherlands. Thereafter, she applied for a position with MeesPierson through the search firm of Vroom and van den Heuvel, located in The Hague, Netherlands. In December 2002, Cartigny received a telephone message from Saskia Veldhuizen, which stated that she was with Vroom and van den Heuvel and was calling to get an employment reference for Triguero. Veldhuizen left her Netherlands telephone number, 31 70 3614666, and asked Cartigny to contact her. On December 3, 2002, from a hotel room in New York City, Cartigny returned the call and gave an employment reference regarding Triguero. The statements made during this conversation are the basis for Triguero's lawsuit.

Nijssen, an employee of MeesPierson, sent Triguero a letter dated January 8, 2003, stating that the company had decided not to offer her a position. The letter was sent from the Amsterdam address of MeesPierson to the Amsterdam address of Triguero. Thereafter, X.M.C.I. Wakim, a Dutch attorney, wrote a letter on February 21, 2003, to the Bank on behalf of Triguero regarding Cartigny's employment reference. That letter was sent from Wakim's Amsterdam address to the Bank's Amsterdam address.

On behalf of the Bank, Rolf Hansma, an in-house attorney for the Bank, responded to Wakim by letter of April 29, 2003, regarding Cartigny's employment reference. That letter was sent from Hansma's Amsterdam address to Wakim's Amsterdam address.

Triguero then filed suit in Fulton County and the defendants' motion for summary judgment pursuant to OCGA § 50-2-21 was granted.

1. In her first enumeration, Triguero argues that the trial court was not authorized, under OCGA § 50-2-21, to decline to exercise jurisdiction over a resident defendant.

OCGA § 50-2-21 provides that:

> (a) The jurisdiction of this state and its laws extend to all persons while within its limits, whether as citizens, denizens, or temporary sojourners.
> (b) A court of this state may decline to exercise jurisdiction of any civil cause of action of a nonresident accruing

outside this state if there is another forum with jurisdiction of the parties in which the trial can be more appropriately held. In determining the appropriateness of this state or of another forum, the court shall take into account the following factors:

(1) The place of accrual of the cause of action;

(2) The location of witnesses;

(3) The residence or residences of the parties;

(4) Whether a litigant is attempting to circumvent the applicable statute of limitations of another state; and

(5) The public factor of the convenience to and burden upon the court.

In this case, the Bank argued below, and the trial court concluded, that all of the factors above, except subparagraph (4) which was not at issue, compelled the conclusion that the exercise of jurisdiction of this dispute should be declined by Georgia courts.

"For purposes of venue and other jurisdictional questions, a person's residence at the time of filing of suit is the determining factor." *Franek v. Ray*, 239 Ga. 282, 285 (236 SE2d 629) (1977). In deciding the issue of venue [or other jurisdictional questions], the trial court acts as factfinder. *McLendon v. Albany Warehouse Co.*, 203 Ga. App. 865, 866 (1) (418 SE2d 130) (1992). When the record contains any evidence to support the trial court's finding . . . , that determination will not be disturbed unless the evidence demands a contrary finding. Id.

*Camp v. Peetluk*, 262 Ga. App. 345, 348 (1) (585 SE2d 704) (2003).

As argued by Triguero, the trial court did conclude that jurisdiction was proper in Fulton County because Cartigny resided there when suit was filed and the Fund[3] did business in Georgia. That, however, does not resolve the issue of the trial court's conclusions regarding forum non conveniens.

Considering the first factor, the place of accrual of the cause of action, Cartigny's affidavit states unequivocally that he was in a New York hotel room when he made the telephone call to Veldhuizen in the Netherlands. In opposition, Triguero submitted her affidavit in which she states, "[u]pon information and belief, Defendant Cartigny was in Atlanta, Georgia when he made the disparaging remarks regarding my employment."

---

[3] It is not disputed, however, that Triguero did not work for the Fund.

"Affidavits in opposition to motions for summary judgment must conform to OCGA § 9-11-56 (e) as to the rules of evidence." (Citation omitted.) *McCarter v. La Hacienda Condo. Assn.*, 255 Ga. App. 68, 69 (1) (564 SE2d 483) (2002). A conclusion unsupported by specific facts "is a bare conclusion and cannot be considered as evidence." (Citation and punctuation omitted.) Id.; see also *Miller v. Miller*, 262 Ga. App. 546, 548 (1) (586 SE2d 36) (2003).

Here, Triguero's affidavit contains mere allegations and conclusions and contains no facts in support of them. The record contains nothing to dispute the conclusion that the statements were made in New York and received in the Netherlands. Although there is no Georgia authority, we are persuaded by decisions of sister states and the Restatement of Conflict of Laws that, in defamation cases, the law of the jurisdiction where the publication occurs determines the rights and liabilities of the parties. See *Gallegos v. Union-Tribune Publishing Co.*, 195 Cal. App. 2d 791, 797 (1961); *Achievers Unlimited v. Nutri Herb, Inc.*, 710 S2d 716, 718 (Fla. 1998); Restatement (2d) of Conflict of Laws, § 149 (1971). Therefore, the law of the Netherlands would control the issues in this case.

Regarding the second factor, location of witnesses, the trial court noted and the record reflects that most witnesses reside in the Netherlands.[4]

Regarding the parties, the third factor, it is not disputed that Triguero resides in the Netherlands and the Bank is a Netherlands entity, with only a subsidiary operating in Georgia.[5] Also, as noted in footnote 4, Cartigny has returned to the Netherlands.

Finally, the public factor of the convenience to and burden on Fulton Superior Court is considered.

Under Georgia law, courts may take judicial notice of "matters of public knowledge . . . without the introduction of proof." OCGA § 24-1-4. The rule permits courts to judicially notice "that which is within the knowledge of most men. The test is (1) whether the fact is one of common, everyday knowledge that all men of average intelligence are presumed to know, and (2) whether it is certain and indisputable." (Punctuation omitted.) *Cole v. Cates*, 110 Ga. App. 820, 823 (140 SE2d 36) (1964). See also *Graves v. State*, 269 Ga. 772, 774 (2) (504 SE2d 679) (1998) (courts may judicially notice "matters [of]

---

[4] Although Cartigny resided in Georgia when the suit was filed, his second affidavit stated that following the expiration of his three-year contract with ABN AMRO Asset Management (USA), LLC in May 2004, he intended to return to the Netherlands and reside there permanently. Nothing in the record refutes this intention.

[5] That alone does not establish residency of the parent corporation. See *Wise v. State Bd. for Examination &c. of Architects*, 247 Ga. 206, 210 (2) (274 SE2d 544) (1981).

which the general public has common knowledge"), overruled in part on other grounds, *Jones v. State*, 272 Ga. 900, 903 (2) (537 SE2d 80) (2000).

Regarding this final factor, we take judicial notice of the recent deaths of the trial judge and his court reporter who handled this matter in Fulton Superior Court. In our opinion, this alone is sufficient to satisfy OCGA § 50-2-21 (b) (5).

2. The second enumeration, that the trial court erred in finding no genuine issue of material fact regarding whether Georgia was the proper forum under OCGA § 50-2-21 (b), has been fully addressed by our discussion in Division 1.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 22, 2005.

*Mozley, Finlayson & Loggins, Laura M. Medlin, Daniel J. Levy, Adam S. Jaffe*, for appellant.
*Seyfarth Shaw, Michael P. Elkon, Frederick T. Smith*, for appellees.