A90A0307. DISMUKE v. DISMUKE et al.

(394 SE2d 371)

SOGNIER, Judge.

Robert Dismuke filed an application in probate court to be named administrator with will annexed of the estate of his father, R. T. Dismuke, Jr., after the widow, the executrix named in the will, renounced the position. The remaining beneficiaries under the will, Debbie Dismuke, Keith Dismuke, and Diane Dismuke Abbott, filed a caveat to Robert's application, and proposed that Diane be appointed administratrix with will annexed instead. The probate court sustained the caveat, and Robert appealed to the superior court, which also ruled in favor of the caveators. This appeal ensued.

1. Appellant's main contention is that he, the person selected by the testator's surviving spouse, is entitled to be appointed as administrator with the will annexed rather than his sister, the person selected by appellees, the majority of the beneficiaries under the will. Appellant relies upon language in OCGA § 53-6-24 that "[i]n the granting of letters of administration *of any kind*, the following rules shall be observed . . . : (1) The surviving spouse . . . shall be first entitled" (emphasis supplied) and numerous opinions which hold that the surviving spouse, upon declining to serve personally as administrator, is entitled to select the person to serve as replacement. See, e.g., *Rivers v. Alsup*, 188 Ga. 75, 76 (1) (2 SE2d 632) (1939); *Mabry v. Mabry*, 65 Ga. App. 132, 133 (15 SE2d 447) (1941). Although these cases all arose in situations of intestacy, appellant argues that the above-emphasized language in OCGA § 53-6-24 extends application of this principle to situations such as the one sub judice.

Appellant's argument, however, must fall in light of OCGA § 53-6-24 (11). In 1979, the predecessor statute of OCGA § 53-6-24 was amended for the recited purpose, inter alia, "to provide for successor executors in certain cases." Ga. L. 1979, p. 1325. The statute was amended by adding subsection (11), which provides that *"[i]n lieu of the foregoing rules*, the beneficiaries under a will who are capable of expressing a choice shall be entitled to name an administrator with the will annexed." (Emphasis supplied.) Apart from being the latest pronouncement of legislative intent, the language in OCGA § 53-6-24 (11) demonstrates that it is to be applied "in lieu of" or in place of the rules upon which appellant relies, where selection of an administrator with the will annexed is concerned.

Appellant asserts that OCGA § 53-6-24 (11) does not control here because that statute must be construed as requiring *all* the beneficiaries under the will, not just a majority thereof, to consent to the administrator selected. Appellant points to OCGA § 53-6-29, enacted in 1984 for the purpose of reducing the amount of publications required of fiduciaries, Ga. L. 1984, p. 937, which authorizes beneficiaries under the will, who have selected an administrator with will annexed pursuant to OCGA § 53-6-24 (11), to eschew the publication of citation otherwise required. Appellant asserts that OCGA § 53-6-29 indicates the Legislature intended that the approval of all the beneficiaries under the will be obtained before an administrator with will annexed could be selected under OCGA § 53-6-24 (11), because otherwise an administrator could be selected by a majority of such beneficiaries without the minority beneficiaries ever being consulted or even informed of the selection. Although appellant also contends this lack of notice would extend even to the probating of the will, the notice provisions of OCGA §§ 53-3-13 and -14 provide to the contrary.

The language of OCGA § 53-6-24 (11) is silent as to whether all or just a majority of the beneficiaries under the will are entitled to name an administrator with will annexed. Appellees argue that because OCGA § 53-6-24 (11) does not clearly express an answer to this issue, this court must look to the rules of statutory construction. In particular, appellees urge this court to consider OCGA § 1-3-1 (d) (5), which provides that "[a] joint authority given to any number of persons or officers may be executed by a majority of them, unless it is otherwise declared." Because OCGA § 53-6-24 (11) does not declare that *all* the beneficiaries under the will must agree to the naming of the administrator, appellees assert that the rule of construction in OCGA § 1-3-1 (d) (5) applies.

We agree. We appreciate appellant's concern that because of the phrasing of OCGA § 53-6-29, in its attempt to reduce the burden of publications on fiduciaries the Legislature has provided that in some circumstances a minority of beneficiaries under a will might not receive notification that a majority of the beneficiaries had selected an administrator with will annexed. Correction of this matter, however, is best addressed to the Legislature. Looking to the interpretation to be given OCGA § 53-6-24 (11), it is apparent that while the statute does not provide how the selection of an administrator must be made, clearly it does mandate that its language is to be applied "in lieu of" the remaining rules set forth in the statute, rules which both parties acknowledge have historically been applied solely in intestacy situations. To accept appellant's argument and turn to OCGA § 53-6-24 (1) and case law interpreting that subsection, in preference to OCGA § 53-6-24 (11), would require rejecting the explicit statutory language that subsection (11) operate "in lieu of" subsection (1) and the re-

maining subsections. Since appellant's construction of the statute creates an immediate and direct conflict among the subsections in OCGA § 53-6-24, we cannot accept that interpretation. "It is a well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part." *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975).

Appellant argues that construing OCGA § 53-6-24 (11) in the manner proposed by appellees enables heirs with a minority interest in the estate (here, three eighths of the total) to dictate the choice of administrator with will annexed. However, the statute provides no grounds for distinguishing between beneficiaries based on the size or nature of their interest in the estate, and we see no reason to make such a distinction here.

Therefore, since a majority of the beneficiaries under a will are entitled to select an administrator with the will annexed, OCGA §§ 53-6-24 (11); 1-3-1 (d) (5), the trial court properly ruled in favor of appellees.

2. Contrary to appellant's assertion, the record clearly established that the widow, Greta Dismuke, renounced her right to serve as executrix. Thus, under OCGA § 53-6-71, she "may not afterwards relieve [her]self from the effect of renunciation." We find no error in the trial court's denial of the motion to substitute Greta Dismuke as executrix or the denial of appellant's motion for judgment on the pleadings based on the attempted substitution.

3. Appellant contends the trial court erred by granting appellees' motion for sanctions pursuant to OCGA § 9-11-37 (d) based on appellant's failure to appear at a deposition. The record reveals that appellant had filed a timely motion for a protective order concerning the taking of the deposition. The trial court apparently entertained appellant's motion for a protective order at the same time it considered appellees' motion for sanctions. The record, however, reflects that the trial court never ruled upon appellant's motion for a protective order. "While the protective order was pending, the entry of [sanctions] under [OCGA § 9-11-37 (d)] was erroneous. [Cit.]" *Corey v. Renard*, 151 Ga. App. 584 (260 SE2d 538) (1979). The trial court's grant of appellees' motion for sanctions is accordingly reversed.

4. Our holding above affirming the order of the trial court appointing appellee Diane Dismuke Abbott as administratrix with will annexed of the estate of R. T. Dismuke renders moot appellant's exception to the trial court's order of August 31, 1989, directing the probate court to issue letters of temporary administration to that appellee.

*Judgment affirmed in part and reversed in part. Carley, C. J., and McMurray, P. J., concur.*

Decided April 30, 1990 —
Rehearing denied May 14, 1990 —

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.
*M. Theodore Solomon,* for appellees.