A99A0242. BUTLER v. BIVEN SOFTWARE, INC. et al.
(522 SE2d 1)

BLACKBURN, Presiding Judge.

This is the second appearance of this case before us. In *Butler v. Biven Software*, 222 Ga. App. 88 (473 SE2d 168) (1996), we vacated the trial court's order which granted appellees' (Biven Software, Inc., Paul Harrison, Mary Harrison and Bivens, Inc.) ("Bivens") motion for sanctions, struck Michael B. Butler's pleadings, and entered default judgment against him. We remanded the case for a hearing on Butler's motion to recuse the trial court judge, stemming from the trial court's determination that Butler's motion for summary judgment was untimely. In the present appeal, Butler contends: (1) that the trial court which heard the motion to recuse erred by failing to recuse the trial court judge; and (2) that the trial court erred by granting appellees' motion for sanctions, striking his pleadings and entering default judgment against him. For the reasons set forth below, we affirm.

1. Appellant Michael Butler contends that the trial court which heard the motion to recuse Judge Etheridge erred by failing to find Judge Etheridge was biased. The hearing on Butler's motion to recuse was held before the Honorable James Findley. Judge Findley

denied the motion, finding that Judge Etheridge showed no prejudice or bias against Butler or in favor of Bivens. The findings of the trial court will not be disturbed on appeal absent an abuse of discretion. *Head v. State*, 160 Ga. App. 4 (285 SE2d 735) (1981). We find no such abuse in this instance, as the standard for recusal was not met.

The standard for recusal was set forth in *Birt v. State*, 256 Ga. 483 (350 SE2d 241) (1986):

> In order to be disqualifying the alleged bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. The alleged bias of the judge must be of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment.

(Citations and punctuation omitted.) Id. at 485-486 (4).

Butler argues that a "secret" oral order arising from an ex parte meeting between counsel and Judge Etheridge is evidence of Judge Etheridge's bias towards him. At the recusal hearing the trial court properly focused on this allegation and found no evidence of bias on the part of Judge Etheridge. The record supports this finding. At a status conference in chambers with counsel for both parties present, Judge Etheridge and counsel[1] discussed a deadline for the completion of discovery and discussed an October 30 deadline for motions for summary judgment. On appeal Butler argues his counsel had no recollection of the summary judgment deadline; however, the hearing transcript reflects that counsel recalled the deadline but disagreed with Bivens' counsel on whether the deadline was a firm deadline or simply a target. There is no evidence of an ex parte conference or "secret order."

Butler also points to adverse rulings from the trial court, particularly the grant of Bivens' motions for sanctions, as further evidence of Judge Etheridge's bias against him. However, the trial court properly found that "mere dissatisfaction with the court's rulings" is not a legally sufficient ground for recusal. *Stephens v. Ivey*, 212 Ga. App. 407, 408 (2) (442 SE2d 248) (1994).

Finally, Butler argues that the trial court erred because Judge Etheridge's denial of the motion to recuse, in and of itself, supports recusal. Butler, citing to *Isaacs v. State*, 257 Ga. 126 (355 SE2d 644) (1987), contends that Judge Etheridge improperly submitted evidence contradicting Butler's affidavit. In *Isaacs*, our Supreme Court

---

[1] Butler is an attorney licensed to practice in Georgia. Throughout this case, Butler represented himself alone or with co-counsel.

held that it is inappropriate for a judge who is the subject of a recusal motion to take an active role in the hearing on the motion, including having an attorney present. Nothing even remotely similar occurred in this case. Judge Etheridge did not participate in the hearing before Judge Findley. Butler relies solely on Judge Etheridge's order which denied the motion to recuse on the grounds that the affidavit was insufficient. Although this Court found the ruling was improper, the ruling does not show personal bias or prejudice. When a motion to recuse is presented, the judge can rule on the timeliness of the motion and the legal sufficiency of the affidavit. See *Birt v. State*, supra. The trial court did not err.

2. Butler contends the trial court erred by granting Bivens' motion for sanctions, striking his pleadings and entering default judgment as a sanction for discovery abuse pursuant to OCGA § 9-11-37. "Trial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion." (Punctuation omitted.) *Daniel v. Corporate Property Investors*, 234 Ga. App. 148 (505 SE2d 576) (1998). This policy is peculiarly applicable in the context of allegations of discovery abuse.

The trial court found from the evidence presented at the hearing that Butler had wilfully and consciously failed to comply with court orders compelling discovery. " 'The trial court is the trier of fact and its finding of wilfulness from the evidence presented will not be reversed where there is any evidence to support it.' " *Oliff v. Smith*, 214 Ga. App. 358, 359 (447 SE2d 707) (1994). The hearing before the trial court showed evidence of a wilful and conscious disregard for the orders of the trial court as well as for the judicial process. Among other evidence, the record shows that Butler failed to comply with the court order of November 8, 1994, by failing to: (1) respond to a request for production of documents served in November 1993; (2) segregate all documents produced and to be produced according to the number of the request for production to which each document was responsive; (3) appear for his deposition; and (4) pay $1,500 to plaintiff for attorney fees within 15 days.

Additionally, there is evidence that the response which was finally provided to the request for production was fabricated and back-dated. Further, Butler gave the appearance of complying with the court's order to number the documents produced and segregate and identify them in response to requests for production served in June 1993; however, he simply numbered the documents and then listed the entire range of such documents as responsive. The trial court found the documents were not responsive.

Butler's disregard for the judicial process was further evidenced

by his course of delaying the underlying case. Butler's failure to comply with legitimate discovery requests resulted in time-consuming status conferences and sanction hearings. Furthermore, although Butler moved to add third-party defendant HBO, Inc. in 1993, he waited until January 1995 and then sought a continuance to do so. Finally, on the eve of trial, Butler filed for bankruptcy which stayed the action until the bankruptcy court allowed it to continue.

Contrary to Butler's contentions, the sanction of default is not limited to those instances where a party fails to respond at all to discovery. OCGA § 9-11-37 authorizes the court to impose the sanction of default or dismissal if a party wilfully "fails to obey an order to provide or permit discovery." A party who intentionally fails to comply fully with a court order may be subject to the harshest of sanctions. See *Joel v. Duet Holdings*, 181 Ga. App. 705 (353 SE2d 548) (1987) (defensive pleadings struck where party only partially complied with court order). In this case, Butler's conduct shows a wilful failure to comply with the trial court's order. We cannot say the trial court erred in striking Butler's pleadings and entering default judgment against him as sanctions for discovery abuse under the facts of this case.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 27, 1999 —
RECONSIDERATION DENIED JUNE 11, 1999 — CERT. APPLIED FOR.

*Jones, Copeland, Lefkowitz & Greer, Taylor W. Jones, Rebecca A. Copeland*, for appellant.

*Nall, Miller, Owens, Hocutt & Howard, Robert L. Goldstucker, Kelly E. Malone*, for appellees.