A03A0138. BOWERS et al. v. LEE et al.
(577 SE2d 9)

JOHNSON, Presiding Judge.
 Barbara Bowers and her husband, Cecil Bowers, filed an action against Dr. Jerry Lee II, Moultrie Ob-Gyn Associates, P.C., and the Hospital Authority of Colquitt County. Barbara Bowers alleged claims for medical and ordinary negligence, breach of contract, and breach of warranty, resulting from an operation performed by Lee during which a surgical sponge was left in Bowers' body and not discovered until a subsequent operation by Lee. Cecil Bowers alleged a derivative claim for loss of consortium. The Bowerses maintained that Moultrie Ob-Gyn was vicariously liable for Lee's negligence. The Bowerses did not attach an expert affidavit to their complaint pursuant to OCGA § 9-11-9.1, but instead alleged that Lee's act of leaving the sponge inside the incision constituted battery.
 The trial court dismissed all claims asserted on grounds of negligence, breach of contract, or breach of warranty. Subsequently, the trial court granted summary judgment to Lee and Moultrie Ob-Gyn on Barbara Bowers' battery claim. The Bowerses argue on appeal that the trial court erred in (1) granting summary judgment as to Barbara Bowers' battery claim, and (2) denying their motion for default judgment as to Moultrie Ob-Gyn. Because these enumerations of error lack merit, we affirm the trial court's judgment.
 1. The Bowerses correctly allege that a plaintiff may file a battery claim against a doctor.[1] However, such a claim is not authorized in this case. "A cause of action for battery exists when objected-to treatment is performed without the consent of, or after withdrawal of

---

[1] See *Albany Urology Clinic v. Cleveland*, 272 Ga. 296, 301 (3) (528 SE2d 777) (2000); *Joiner v. Lee*, 197 Ga. App. 754, 756 (1) (399 SE2d 516) (1990).

consent by, the patient."[2] Here, Barbara Bowers signed a "Consent to Operation" form prior to the procedure at issue. The consent form disclosed in general terms the treatment or course of treatment and provided an acknowledgment that Barbara Bowers consented to the procedure at issue, and that she had been informed of the nature, risks, and alternatives to the procedure. There is no dispute that this consent form complies with the requirements of OCGA § 31-9-6 (d). There is also no contention that Lee or Moultrie Ob-Gyn obtained Barbara Bowers' consent to treatment by fraud or that Barbara Bowers was of unsound mind when she executed the consent to treatment.

The Bowerses argue that Barbara Bowers did not consent to a sponge being left in her body. Essentially, they maintain that the tort of battery includes a claim that Barbara Bowers did not consent to the negligent performance of the procedure to which she gave her general consent. However, such a claim is encompassed in an action for medical malpractice, not in an action for battery. The Bowerses' theory would transform every medical malpractice claim into a battery claim, allowing the plaintiff to allege he or she did not consent to the negligent performance of the medical procedure. We decline to adopt the Bowerses' theory.

In addition, we note that battery is an intentional tort.[3] And the record in the present case is devoid of any evidence that Lee or any Moultrie Ob-Gyn employee intentionally left the sponge in Barbara Bowers' body.

The Bowerses cite a number of cases where this Court has permitted actions for battery. However, none of these cases requires us to reverse the trial court's decision in this case. The Bowerses have not alleged that Lee performed an unauthorized procedure[4] or that the procedure exceeded the scope of the consent.[5] They merely contend that Lee's act of leaving a sponge in Barbara Bowers' body during the procedure gives rise to a battery claim, notwithstanding Barbara Bowers' valid consent to the medical procedure performed by Lee. This claim fails as a matter of law.

Since Lee cannot be liable to Barbara Bowers for battery, Cecil Bowers' loss of consortium claim is also barred.[6] Moreover, since Lee cannot be liable to the Bowerses for battery, Moultrie Ob-Gyn cannot be vicariously liable to the Bowerses.[7] The trial court did not err in

---

[2] *Joiner*, supra.
[3] *Hendricks v. Southern Bell Tel. &c. Co.*, 193 Ga. App. 264 (1) (387 SE2d 593) (1989).
[4] Compare *Joiner*, supra.
[5] Compare *Johnson v. Srivastava*, 199 Ga. App. 696, 697 (2) (405 SE2d 725) (1991).
[6] See *Supchak v. Pruitt*, 232 Ga. App. 680, 684 (4) (503 SE2d 581) (1998).
[7] See *Hedquist v. Merrill Lynch &c.*, 272 Ga. 209, 210 (1) (528 SE2d 508) (2000).

granting summary judgment to Lee and Moultrie Ob-Gyn on Barbara Bowers' battery claim and Cecil Bowers' derivative loss of consortium claim.

2. The Bowerses contend the trial court should have granted their motion to enter a default judgment against Moultrie Ob-Gyn. First of all, this Court does not have jurisdiction to consider this argument. OCGA § 5-6-37 requires that the notice of appeal "shall set forth . . . a concise statement of the judgment, ruling, or order entitling the appellant to take an appeal." The notice of appeal in this case specifically recites that the order appealed from is the August 12, 2002 order granting Lee and Moultrie Ob-Gyn's motion for summary judgment on the battery claim. While the August 12, 2002 order references the trial court's July 12, 2001 order dismissing the Bowerses' claims of negligence, breach of contract, or breach of warranty, it does not mention or reference its July 12, 2001 order denying the Bowerses' motion for a default judgment against Moultrie Ob-Gyn. Therefore even though the Bowerses argue in their brief the propriety of the trial court's denial of their motion for a default judgment against Moultrie Ob-Gyn, they have waived consideration of this issue on appeal.[8] A litigant must specify each order appealed.[9]

Furthermore, even if we do have jurisdiction of the issue, we find no error in the trial court's denial of the Bowerses' motion for a default judgment against Moultrie Ob-Gyn. In response to the Bowerses' complaint, Lee and Moultrie Ob-Gyn filed a document styled, "Answer of Defendant Jerry J. Lee, II, and Moultrie Ob-Gyn Associates, P.C., to Plaintiff's Complaint." While the Bowerses note that the answer begins, "Comes now, Jerry J. Lee, II, Defendant above-named, and files this his answer . . ." and refers to only one defendant throughout the answer, this answer was accompanied with a certificate of service noting that the document served was "Answer of Defendant Jerry J. Lee, II, and Moultrie Ob-Gyn Associates, P.C., to Plaintiff's Complaint." In addition, this answer was filed contemporaneously with a motion to dismiss, seeking relief on behalf of both Lee and Moultrie Ob-Gyn.

Furthermore, we note that Moultrie Ob-Gyn would be liable only under the doctrine of respondeat superior. Thus, Moultrie Ob-Gyn cannot be held liable unless Lee is found liable. Here, not only was Moultrie Ob-Gyn's name in the caption of the answer, but its agent or employee specifically responded to each allegation of the complaint and set forth defenses to the complaint. We find no error.

---

[8] *Gamlins, Solicitors & Notaries v. A. E. Roberts & Assoc.*, 254 Ga. App. 763, 764 (1) (564 SE2d 29) (2002).

[9] *Hazelwood v. Adams*, 235 Ga. App. 607 (1) (510 SE2d 147) (1998), rev'd on other grounds, *Adams v. Hazelwood*, 271 Ga. 414 (520 SE2d 896) (1999).

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JANUARY 14, 2003 —
RECONSIDERATION DENIED JANUARY 30, 2003 — 

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellants.
*Hall, Booth, Smith & Slover, Martin C. Jones, Anthony A. Rowell, W. Brent Hyde, Whelchel, Carlton & Waller, James C. Whelchel,* for appellees.