## A05A1372. MATEEN et al. v. DICUS.
### (621 SE2d 487)

MIKELL, Judge.

Pro se appellants Suraiya A. Mateen, Roohi Fatima Faiyaz, and Reema Mohammedi appeal the $689,690 judgment entered against them in this fraudulent conveyance action. We affirm. The relevant facts follow.

Appellants are the wife and daughters of Mohammad Faiyaz, who agreed to purchase a dry cleaning business from appellee Frank Dicus in 1996 for $380,000. Faiyaz made a $100,000 down payment and signed promissory notes for the remainder. After he defaulted on the notes, Dicus accelerated the balance and invoked the contract's arbitration clause. The matter proceeded to binding arbitration. The arbitrator found that Faiyaz and Mateen had no valid defense to payment of the notes; that they had falsified evidence in order to manufacture losses; and that Faiyaz had perjured himself. The arbitrator awarded Dicus $443,541.65 plus interest, which includes

$100,000 in punitive damages. The superior court confirmed the award, and we affirmed that decision.[1]

Dicus filed the instant action against Faiyaz and the appellants on March 27, 1998, alleging that Faiyaz conveyed all of his interest in three parcels of real property to his daughters in order to defraud Dicus and avoid collection of the debt.[2] Three quitclaim deeds evidencing the transfers are attached to the complaint.

Nearly three years of discovery disputes ensued. On September 1, 1999, the court adjudged appellants in contempt for failure to appear at their depositions and ordered them to pay $2,000 in sanctions. The appellants failed to comply, and on February 12, 2001, the court entered an order finding them in contempt of the 1999 order. Pursuant to OCGA § 9-11-37 (d), the court struck their answers and counterclaims and entered default judgment against them, reserving the issue of damages for trial. The court also declared the property transfers from Faiyaz to his daughters null and void. Thereafter, on February 27, 2001, the court entered a separate order voiding the transfers and instructing the clerk of the superior court in which the properties were held to correct the land records. Faiyaz then filed a bankruptcy petition, but the bankruptcy court granted Dicus relief from the automatic stay provisions of 11 USC § 362, permitting the state court to reopen the fraudulent conveyance action.[3]

A bench trial was held on damages. The appellants failed to appear. On November 26, 2003, the court entered a final judgment against the appellants and Faiyaz, jointly and severally, for $689,690, including: (1) actual and consequential damages of $49,000, reflecting the cost of interest on loans made by Dicus and interest and penalties he paid to the IRS; (2) attorney fees of $140,690; and (3) punitive damages in the amount of $500,000, based on a finding that appellants acted with specific intent to cause harm, as required by OCGA § 51-12-5.1.

1. At the outset, we address Dicus's contention that this Court lacks jurisdiction to consider appellants' first five enumerated errors because they challenge orders that were not included in the original notice of appeal. The original notice of appeal recites that the order appealed from is the final judgment entered on November 26, 2003. Dicus relies on OCGA § 5-6-37, which requires that the notice "shall set forth . . . a concise statement of the judgment, ruling, or order

---

[1] *Faiyaz v. Dicus*, 245 Ga. App. 55 (537 SE2d 203) (2000).

[2] Although judgment was entered against all defendants, Faiyaz does not appeal because his personal liabilities have been discharged in bankruptcy.

[3] Faiyaz's estate was liquidated by the bankruptcy court, and the arbitration award was partially satisfied. The bankruptcy court deemed the final order in this case uncollectible from Faiyaz because he is entitled to a discharge.

entitling the appellant to take an appeal." And, we have held that "[a] litigant must specify each order appealed."[4] However, a notice of appeal may be amended.[5] In this case, the original notice of appeal, filed on December 16, 2003, was amended on October 12, 2004, to include for our review the orders imposing discovery sanctions, granting default judgment, denying the motion to set aside the default judgment, and denying the motion to set aside the final judgment. Accordingly, enumerated error nos. 1 through 3, 6, and 7 have been preserved for appellate review. However, error nos. 4 and 5, which challenge the orders adding a party through publication and dismissing a party with prejudice, have been waived.

2. Appellants argue that the trial court abused its discretion in sanctioning them on September 1, 1999, for failure to appear at their depositions. Appellants contend that the court could not award sanctions before ruling on their motion for a protective order concerning the taking of the depositions.[6] Although appellants have not waived this argument, they have failed to sustain their burden of proving error affirmatively by the record by failing to include transcripts of the pertinent hearings.

> It is well established that the burden is on the party alleging error to show it affirmatively by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm. When a portion of the evidence bearing upon the issue raised by the enumeration of errors is not brought up so that this court can make its determination from a consideration of all relevant evidence bearing thereon, an affirmance as to that issue must result.[7]

In the case at bar, the record shows that on June 10, 1998, appellants filed an "Emergency Motion to Stay Plaintiff[']s Demand

---

[4] *Bowers v. Lee*, 259 Ga. App. 382, 384 (2) (577 SE2d 9) (2003), citing *Hazelwood v. Adams*, 235 Ga. App. 607 (1) (510 SE2d 147) (1998), rev'd on other grounds, *Adams v. Hazelwood*, 271 Ga. 414 (520 SE2d 896) (1999). Accord *Miller v. Miller*, 262 Ga. App. 546, 549-550 (3) (586 SE2d 36) (2003). Compare *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980) (on appeal from a final judgment, complaining party may enumerate as error any other prior rulings).

[5] OCGA § 5-6-48 (d). See *Blackwell v. Cantrell*, 169 Ga. App. 795, 796 (1) (315 SE2d 29) (1984).

[6] See *Dismuke v. Dismuke*, 195 Ga. App. 613, 615 (3) (394 SE2d 371) (1990) (award of sanctions under OCGA § 9-11-37 (d) while motion for protective order pending held erroneous); *Corey v. Renard*, 151 Ga. App. 584 (260 SE2d 538) (1979) (same).

[7] (Citation and punctuation omitted.) *Ferqueron v. State Farm &c. Ins. Co.*, 271 Ga. App. 572, 575 (610 SE2d 184) (2005).

to Serve Documents and to Depose Defendants." Concerning depositions, the motion said only that "[d]efendants request the court to stop the plaintiffs from these untimely actions."[8] A hearing on the motion was set for July 13, 1998, but on June 30, the case was transferred to a different judge, and the hearing was reset. Dicus asserts that appellants dismissed the motion in a hearing held on August 31, 1998. Appellants have not provided a transcript of that hearing.

Meanwhile, on August 19, 1998, Dicus filed a motion for sanctions. In response thereto, appellants stated that their motion was "in the nature of a Motion for Protective Order." They sought protection from "harassing discovery by plaintiff in aid of a Judgment obtained in a manner that is contrary to the law." The judgment to which appellants referred was the arbitration award, which, as noted above, was confirmed by the superior court and affirmed by this Court. A hearing was held on the motion for sanctions on December 21, 1998. Appellants claim that the court did not impose sanctions at the hearing, but again, they have filed no transcript. Absent the relevant transcripts, this Court cannot determine whether the trial court took action on their motion. We will not presume error from a silent record. Appellants' failure to provide the transcripts requires affirmance of the trial court's order.[9]

3. Appellants enumerate as error the entry of default judgment on February 12, 2001. "Trial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion."[10] In its order, the trial court found the following facts: that on September 1, 1999, the court issued an order compelling appellants to appear for deposition and to pay attorney fees of $2,000 within 30 days; that appellants failed to pay the fees even though they had ample funds to do so; that appellants offered no explanation to excuse their failure to pay; that appellants had "demonstrated a conscious disregard [for] the judicial process and this Court's Orders"; and that appellants' failure to comply was wilful. "The trial court is the trier of fact and its finding of wilfulness from the evidence presented will not be reversed where there is any evidence to support it."[11] Here, there was evidence to support the trial court's findings.

---

[8] A protective order may only be issued if the movant shows "good cause." OCGA § 9-11-26 (c). Appellants' omnibus motion showed no cause for such an order.

[9] See id.

[10] (Punctuation and footnote omitted.) *Amaechi v. Somsino*, 259 Ga. App. 346, 347 (577 SE2d 48) (2003) (dismissal of complaint); *Butler v. Biven Software*, 238 Ga. App. 525, 528 (2) (522 SE2d 1) (1999) (striking of defensive pleadings and entry of default judgment).

[11] (Citation and punctuation omitted.) *Butler*, supra at 527 (2).

The transcript of the hearing on sanctions, which was held on February 7, 2001, shows that appellants had sufficient funds to pay the $2,000 when ordered to do so. Further, when the court inquired whether appellant Mateen was "ready to comply with payment of the money," she replied "No." Mateen continued to argue the propriety of the 1999 order. "OCGA § 9-11-37 authorizes the court to impose the sanction of default or dismissal if a party wilfully fails to obey an order to provide or permit discovery. A party who intentionally fails to comply fully with a court order may be subject to the harshest of sanctions."[12] We find no abuse of discretion in the trial court's decision to strike appellants' answers and counterclaims and to enter default judgment against them.

4. Appellants enumerate as error the denial of Mateen's motion to set aside the default judgment. Mateen asserted that Dicus obtained the judgment through fraud. However, the trial court determined that Mateen had offered no evidence, either at the hearing or in her subsequent motion, that Dicus had committed fraud. As noted above, the trial court is the trier of fact, and its findings will not be reversed where, as here, there is evidence to support them.[13]

5. Appellants enumerate as error the entry of final judgment on November 26, 2003. The court's order was based on the testimony of three witnesses and other evidence Dicus presented at the trial on damages. Appellants failed to appear for trial and have not provided a transcript of the proceedings. Therefore, we must assume that the trial court's judgment was correct and affirm.

> Where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at his expense. Thus, where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.[14]

6. Lastly, appellants enumerate as error the order denying their motion to set aside the final judgment. However, they have not supported this error with argument or citation to authority, and it is deemed abandoned pursuant to Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

---

[12] (Citation and punctuation omitted.) Id. at 528 (2).

[13] Id. at 527 (2).

[14] (Citation omitted.) *Seay v. Chase Manhattan Mtg. Corp.*, 270 Ga. App. 349 (606 SE2d 586) (2004). See also *Ruffin v. Banks*, 249 Ga. App. 297, 299 (2) (548 SE2d 61) (2001).

DECIDED SEPTEMBER 8, 2005 —
RECONSIDERATION DENIED OCTOBER 6, 2005 —

Suraiya A. Mateen, *pro se.*
Roohi F. Faiyaz, *pro se.*
Reema Mohammedi, *pro se.*
*Weinstock & Scavo, Richard J. Capriola, Sharon M. Lewonski,* for appellee.