## S06G0358. MATEEN et al. v. DICUS et al.
(637 SE2d 377)

MELTON, Justice.

We granted certiorari in this case to determine the propriety of the Court of Appeals' refusal to consider two enumerated errors on the ground that the order or ruling being questioned on appeal was not specifically listed in the notice of appeal. See *Mateen v. Dicus*, 275 Ga. App. 742 (621 SE2d 487) (2005).

The relevant facts reveal that Frank Dicus sued Mohammed Faiyaz, his wife Suraiya Mateen, and their daughters, alleging that Faiyaz had fraudulently transferred property to his family members to avoid paying a judgment of nearly $450,000. The trial court entered a default based on the defendants' failure to appear at a deposition, and the subsequent trial on damages resulted in a judgment in favor of Dicus. In affirming this judgment on appeal, the Court of Appeals addressed only five of appellants' seven enumerations, reasoning that, pursuant to OCGA § 5-6-37, appellants had waived two of their enumerations by failing to specifically list the two orders relating to these enumerations in their notice of appeal. See *Mateen*, supra, 275 Ga. App. at 743-744 (1).

The Court of Appeals concluded that the language in OCGA § 5-6-37 requiring that the notice of appeal set forth "a concise statement of the judgment, ruling, or order entitling appellant to take an appeal" requires that a notice of appeal designate every order that

gives rise to an issue on appeal. *Mateen*, supra, 275 Ga. App. at 743-744 (1). However, such an interpretation is contrary to the plain language of the statute, which requires only that a single judgment that "entitl[es the] appellant to take an appeal" be included in the notice of appeal. It does not mandate that every order that could possibly present an issue on appeal be included in the notice.

Where, as here, a direct appeal is taken from a final judgment, "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court." OCGA § 5-6-34 (d). Thus, pursuant to OCGA §§ 5-6-37 and 5-6-34 (d), an appellant need only include in the notice of appeal the single judgment that entitles the appellant to take an appeal, and an appellate court must review other orders raised on appeal that may affect the proceedings below regardless of whether or not those orders are expressly included in the notice of appeal.

Moreover, as this Court made clear in *Southeast Ceramics, Inc. v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980),

> [w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed.

(Citation and punctuation omitted.); OCGA § 5-6-48 (f). Indeed, the legislature has intended for the Appellate Practice Act to be "liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein." OCGA § 5-6-30. The Court of Appeals' interpretation of OCGA § 5-6-37 is contrary to the plain language of the statute, this Court's holding in *Klem*, and the legislative intent of the Appellate Practice Act to bring about decisions on the merits. Accordingly, the Court of Appeals' cases holding that an appellant must include in the notice of appeal every order being challenged on appeal are hereby overruled. See *Bowers v. Lee*, 259 Ga. App. 382, 384 (2) (577 SE2d 9) (2003); *Miller v. Miller*, 262 Ga. App. 546, 549-550 (3) (586 SE2d 36) (2003); *Hazelwood v. Adams*, 235 Ga. App. 607 (1) (510 SE2d 147) (1998); and any other cases in direct conflict with this Court's holding.

The Court of Appeals erred in concluding that it did not have to consider appellants' two remaining enumerations based on appellants' failure to include the relevant orders in their notice of appeal. We therefore reverse that portion of the Court of Appeals' decision and remand the case with direction that the Court of Appeals consider appellants' remaining enumerations on the merits.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 30, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006.

Suraiya A. Mateen, *pro se.*

*Weinstock & Scavo, Richard J. Capriola, Sharon M. Lewonski,* for appellees.