A05A1372. MATEEN et al. v. DICUS.
(650 SE2d 272)

MIKELL, Judge.

In *Mateen v. Dicus*,[1] the Supreme Court reversed Division 1 of our opinion in this case,[2] holding that we erred in concluding that we lacked jurisdiction to consider two enumerations of error because appellants Suraiya A. Mateen, Roohi Fatima Faiyaz, and Reema Mohammedi failed to include the relevant orders in their notice of appeal. Accordingly, our prior judgment as to Division 1 is vacated, and the judgment of the Supreme Court is made the judgment of this court. The Supreme Court remanded the case with direction that we consider appellants' remaining enumerations on the merits.[3] We do so below.

1. Appellants complain that the trial court erred in adding a party, defendant Amtul Hameed, through publication. Appellants argue that service by publication was unauthorized because "Plaintiffs were very well aware of the party's address." This argument fails for three reasons. First, Hameed is not a party to this appeal, and appellants have no standing to voice a vicarious objection to the sufficiency of service upon another party.[4]

Second, appellants waived the argument by failing to assert it in the trial court. The record reveals that at a motions hearing, the court asked defendant Mateen, "are you here to argue defendant Hameed's motion for . . . insufficiency of service of process?" Mateen replied, "No." The court stated, "Hameed is not [here]. As far as you know, she's in India." Mateen replied, "Yes, sir." It is well established that "one cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing."[5] Appellants have waived any right to complain of the method of service upon Hameed.

Third, appellee Dicus complied with OCGA § 9-11-4 (f) (1) (A) in obtaining the order for service by publication. He submitted an affidavit averring that he believed that Hameed resided in India but

---

[1] 281 Ga. 455 (637 SE2d 377) (2006).

[2] See *Mateen v. Dicus*, 275 Ga. App. 742, 743-744 (1) (621 SE2d 487) (2005).

[3] 281 Ga. at 457. The remainder of our rulings was left undisturbed, and our prior decision is reversed only insofar as it is inconsistent with the Supreme Court's decision.

[4] *Phillips v. Phillips*, 159 Ga. App. 676, 677 (2) (285 SE2d 52) (1981). Accord *Ueal v. AAA Partners in Adoption*, 269 Ga. App. 258, 260 (2) (603 SE2d 672) (2004).

[5] (Citations and punctuation omitted.) *Parlato v. City of Atlanta*, 151 Ga. App. 235, 237 (259 SE2d 217) (1979).

that he did not know where she could be found. Pursuant to the statute, the trial court may grant an order permitting service by publication if, among other things, the affidavit is proper. In this case, appellants offered no evidence to contradict the affidavit. Thus, the trial court did not err in ordering service by publication upon Hameed.

2. Appellants contend that the trial court erred in refusing to set aside the default judgment entered against them because Dicus's voluntary dismissal with prejudice of defendant John Walrath rendered the default judgment void. Walrath was the attorney who prepared the documents transferring the properties that were the subject of the fraudulent conveyance action. Appellants' contention that a voluntary dismissal with prejudice of an alleged joint tortfeasor renders void the judgment entered against the remaining defendants is not supported by Georgia law. "[A] voluntary dismissal with prejudice constitutes a final disposition of the underlying action only as far as the parties involved in the voluntary dismissal are concerned[.] . . . [T]he effect of a voluntary dismissal does not extend to any party not named therein."[6] Furthermore, pursuant to OCGA § 9-11-54 (b), an order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties."[7] In the case at bar, the dismissal with prejudice adjudicated the liabilities of only one party. It neither terminated the action nor rendered the default judgment void. The trial court did not err in refusing to set aside the default judgment.

3. All pending motions filed by appellants are denied.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JUNE 27, 2007 —
RECONSIDERATION DENIED JULY 25, 2007 — 

Suraiya A. Mateen, *pro se.*
Roohi F. Faiyaz, *pro se.*
Reema Mohammedi, *pro se.*
*Weinstock & Scavo, Richard J. Capriola, Sharon M. Lewonski,* for appellee.

---

[6] *Hedquist v. Merrill Lynch, Pierce, Fenner & Smith*, 272 Ga. 209, 211-212 (2) (528 SE2d 508) (2000) (voluntary dismissal of employee does not bar vicarious liability of employer for employee's tortious acts unless dismissal is statutorily described as an adjudication on the merits).

[7] See *Tanaka v. Pecqueur*, 268 Ga. App. 380, 383 (5) (601 SE2d 830) (2004).